# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

D.M., a minor, by and through )
his next friend and natural guardian, )
KELLI MORGAN, )
                               )
               Plaintiff, )
                               )
     vs. ) Case No. 18-2158-KHV-KGG
                               )
WESLEY MEDICAL CENTER LLC, )
*et al.*, )
                               )
               Defendants. )
                               )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Before the Court is the "Motion for Protective Order to Close Public Records Obtained Under KORA" filed by Defendant Via Christi. (Doc. 96.) After review of the relevant filings, the Court **DENIES** Defendant's motion.

The factual background of this medical malpractice case was summarized in this Court's Order (Doc. 116) granting in part and denying in part the Motions to Strike (Doc. 41 and 60) filed by Defendant Chambers-Daney and Defendant Bridget Grover. That factual summary is incorporated herein by reference.

1

The present motion relates to a Kansas Open Records Act ("KORA") request from Plaintiff to the Kansas Health Care Stabilization Fund ("the Fund"). Defendant contends that "[t]he records the Fund may produce that are responsive to the KORA Request will likely reveal certain confidential information relating to Defendant Via Christi's finances and claims history…." (Doc. 96, at 2.) More specifically, Defendant contends

> [t]hrough a series of twelve different categories of requests, Plaintiff's KORA Request demands that the Fund provide Plaintiff with copies of all of those annual renewal documents and any other documents pertaining to Via Christi in the Fund's possession. Those documents include financial statements, balance sheets, and other assorted business, financial, proprietary, and confidential information, the public disclosure of which could cause undue hardship to Via Christi.

(*Id.*, citing Doc. 96-2.) Defendant argues that the documents "should be treated as confidential and protected from disclosure outside this litigation, and used only for the purpose of prosecuting or defending this action and any appeals." (*Id.*) Defendant relies on Fed.R.Civ.P. 26(c), which allows a court to enter a protective order forbidding a requested disclosure to protect a party from annoyance, embarrassment or oppression.

Plaintiff argues that documents that are available to the public pursuant to a KORA request should not be subject to a confidentiality designation under a protective order. (Doc. 100, at 1.) KORA states that the "public policy of the state

2

[is] that public records shall be open for inspection by any person unless otherwise provided by this act." K.S.A. § 45-216. Under KORA, a public record is "any recorded information, regardless of form, characteristics or location, which is made, maintained or kept by or is in the possession of any public agency." K.S.A. § 45-217(g)(1).

Courts are directed to liberally construe KORA to promote a policy of openness. ***Cypress Media, Inc. v. Overland Park***, 268 Kan. 407, 417, 997 P.2d 681, 689 (2000). Although KORA provides specific exceptions to disclosure, "exceptions are to be narrowly interpreted, and the burden is on the public agency opposing disclosure." ***Data Tree, LLC v. Meek***, 279 Kan. 445, 454-55, 109 P.3d 1226, 1234 (2005).

Plaintiff argues that Rule 26(c) protective orders "are available only for documents requested from a party under the Federal Rules of Civil Procedure," not information sought or received from a freedom of information request such as KORA. (Doc. 100, at 5.) Defendant replies that courts have inherent authority to regulate conduct of lawyers appear before them. (Doc. 119, at 2-3.) As such, Defendant argues that application of Rule 26(c) in this instance is an appropriate exercise of this authority. (*Id*.) Defendant also argues that the KORA request at issue was made by the attorney representing Plaintiff in this action, not "a stranger to this litigation." (*Id*., at 4.) Defendant further contends that Rule 26(c) is

applicable because Defendant is a party to this litigation "from whom discovery is sought," thus implicating the rule.

The Court finds Defendant's arguments to be misplaced. The information is not sought from Defendant Via Christi or any other party to this case. The KORA request was made to, and is to be answered by, the Fund. (Doc. 96-1.) By definition, records obtained through the Kansas Open Records Act are "open" or public. The agency must determine whether the records are producible under KORA and disagreements about the conclusion are resolved by the state courts. K.S.A. § 45-222. Any remedy available to Defendant to prevent disclosure under KORA would be through the state court. Defendant's creative argument notwithstanding, Rule 26(c) is not available to limit the use of public document obtained outside the discovery process. Defendant's motion is **DENIED**.

IT IS THEREFORE ORDERED that Defendant Via Christi's Motion for Protective Order (Doc. 96) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of December, 2018.

                                         KENNETH G. GALE
                                         KENNETH G. GALE
                                         United States Magistrate Judge