IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.M., a minor, by and through )
his next friend and natural guardian, )
KELLI MORGAN, )
)
                          Plaintiff, )
)
v. )    Case No.: 18-2158-KHV-KGG
)
WESLEY MEDICAL CENTER LLC )
d/b/a WESLEY MEDICAL )
CENTER-WOODLAWN, *et al.*, )
)
                        Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Plaintiff regarding peer review and/or risk management documents identified in Defendant Via Christi's and Defendant Wesley's privilege logs. (Doc. 214.) Having reviewed the submissions of the parties, Plaintiff's motion (Doc. 214) is **GRANTED** for the reasons set forth below.

## BACKGROUND

Plaintiff, through his natural guardian and next friend, filed his federal court Complaint on April 9, 2018, alleging claims under Kansas medical malpractice laws and under the Federal Emergency Medical Treatment and Active Labor Act. The claims result from the medical care he received on March 5 and 6, 2017.

1

Plaintiff alleges that on March 6, 2017, he "suffered a catastrophic and medically-preventable stroke that left him with right-side paralysis, neurological damage and other debilitating physical injuries that permanently changed his and his parents' lives." (Doc. 1, at 5.)

In response to Plaintiff's Requests for Production Nos. 5, 6, 14, 24, 28, 29, 31, 32 and 54, Defendant Via Christi ("Via Christi") identified responsive documents but asserted peer review and risk management privileges. Via Christi identified VCHW-R000001-12, 13-15, 21-28, 38-40, and 54-56 as responsive but provided a privilege log asserting these privileges. (Doc. 214-1, at 28-31.) Defendant Wesley ("Wesley") did the same in response to Plaintiff's Requests for Production of Documents Nos. 14, 25, 27, and 31. (*Id.*, at 33-35.) Via Christi's privilege log indicates that certain of the withheld documents contain "details of event, injury details, when and where event occurred, and who was notified" about the event. (*Id.*, at 28-31.)

Plaintiff contends "[t]hese are essential facts going to the heart of Plaintiff's claim" and, as such, the facts are discoverable. (Doc. 214, at 1.) Plaintiff brings the present motion seeking an Order compelling Defendant to produce materials to the Court so that it may conduct an *in camera* inspection "to redact non-facts" in these documents, which would then be produced to Plaintiff. (Doc. 214, at 1.)

## ANALYSIS

## I. Legal Standards for Discovery.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

## II. Peer Review & Risk Management Privilege.

"Neither the Supreme Court nor the Tenth Circuit has recognized a medical peer review or medical risk management privilege under federal common law." *Sonnino v. University of Kansas Hosp. Auth.*, 220 F.R.D. 633, 644 (D. Kan. 2004). In the present case, however, Plaintiff also brings a pendant state law causes of action against Defendants. As discussed above, in response to certain document requests at issue, Defendants Via Christi and Wesley have asserted the

peer review and risk management privileges, which have been codified by the Kansas legislature at K.S.A. § 65-4915, *et seq*. and § 65-4925, *et seq*.

The peer review privilege is codified by K.S.A. § 65–4915(b), which provides in relevant part:

> the reports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding. Information contained in such records shall not be discoverable or admissible at trial in the form of testimony by an individual who participated in the peer review process.

Via Christi notes that "it is not only the documents 'generated by' a peer review committee/officer, but also the documents that were 'submitted to' the peer review committee/officer that are not discoverable." (Doc. 235, at 3 (citing K.S.A. 65-4915).) Via Christi also notes that "the statutory language does not carve out an exception from the privilege for 'facts.'" *Id.*

K.S.A. § 65–4925(a) states that records created

> pursuant to K.S.A. § 65–4923 or § 65–4924, and amendments thereto, shall be confidential and privileged, including: (1) Reports and records of executive or review committees of medical care facilities or of a professional society or organization; (2) Reports and records of the chief of the medical staff, chief administrative officer or risk manager of a medical care facility; (3) Reports and records of any state licensing agency or impaired provider committee of a professional

4

> society or organization; and (4) Reports made pursuant to this act to or by a medical care facility risk manager, any committee, the board of directors, administrative officer or any consultant. Such reports and records shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and shall not be admissible in any civil or administrative action other than a disciplinary proceeding by the appropriate state licensing agency.

Via Christi notes that "[l]ike the peer review privilege, the risk management privilege covers 'reports and records,' and does not make an exception for factual statements within those documents." (Doc. 235, at 5.) Via Christi also notes that "Plaintiff does not and cannot deny that the documents at issue here fall within the scope of the peer review and risk management privileges as set forth in the Kansas statutes." (*Id.*)

The parties spend much of their briefs discussing the case of ***Adams v. St. Francis Regional Medical Center***, in which the Kansas Supreme Court held that the peer review and risk management privileges are subject to constitutional due process limitations. 264 Kan. 144, 158, 955 P.2d 1169, 1178–79 (1998). Plaintiff argues that "Via Christi's privilege log informs Plaintiff that many of the withheld documents contain 'details of event, injury details, when and where event occurred, and who was notified' about the event." (Doc. 214, at 1.) According to Plaintiff, these are "essential facts going to the heart of Plaintiff's claim." (*Id.*) Similarly, Plaintiff contends that Wesley "asserts the same privileges for

documents containing essential facts." (*Id*.)  Plaintiff contends that "[b]ecause the facts are discoverable but contained within privileged documents, pursuant to *Adams* this Court must conduct an *in camera* inspection to redact nonfacts in the specified documents," which would then be produced to Plaintiff. (*Id*.)  Defendants both argue that Plaintiff has misinterpreted the *Adams* holding. (*See* Doc. 235, at 5-8; Doc. 236, at 7-15.)

The Court finds that the parties' reliance on *Adams* is misplaced in the present situation, wherein Plaintiff has brought claims under federal as well as state law.  Analysis will instead be based on the undersigned Magistrate Judge's prior opinion in *Sellers v. Wesley Medical Center, LLC*, No. 11-1340-JAR-KGG, 2012 WL 5362977 (D. Kan. Oct. 31, 2012).  That case also involved a plaintiff bringing claims based on the federal EMTALA statute as well as pendent state law medical malpractice claims.  *Id*.

In the present case, as in *Sellers*, "[t]he issue thus before the Court is whether and/or how the Kansas state court statutory peer review privilege applies to Plaintiff's federal and pendant state law claims in federal court." *Id*., at 3.  As in *Sellers*, the parties' briefs in the present matter "do not necessarily discuss whether certain evidence at issue relates to Plaintiff's EMTALA claim or the state court medical malpractice claim, or both." *Id*., at *3.  Thus, as in *Sellers*, the Court will attempt to make this determination.

> In so doing, the Court holds that evidence relating only to Plaintiff's federal claim will not be subject to assertions of the Kansas statutory peer review privilege, to the extent Plaintiff has adequately opposed the application of the privilege, as no such privilege has been recognized by the Tenth Circuit or U.S. Supreme Court. ***Sonnino** [v. University of Kansas Hosp. Auth*., 220 F.R.D. 633, 644 (D. Kan. 2004).] On the other hand, evidence relating only to Plaintiff's pendant state law cause of action will be subject to the privilege to the extent it was adequately asserted by Defendant. Finally, to the extent evidence relates to both the federal and state law causes of action, the privilege will not apply to the extent it was adequately opposed by Plaintiff.

*Sellers*, 2012 WL 5362977, at \*3. Simply stated, the state law privilege does not apply to evidence relevant to the federal claims, even if it is also relevant to the pendant claims arising under state law.

No attempt was made by either Defendant to indicate whether certain evidence related only to Plaintiff's state law claim (to which the privileges would be applicable) or related only to Plaintiff's federal claim pursuant to EMTALA (to which the privileges would not be applicable). The Court thus finds that the information implicated by the discovery requests (and identified in Defendants' privilege logs) relates to both the federal and state law causes of action. Given Plaintiff's opposition to the privileges, which the Court deems "adequate," the Kansas statutory privileges do not apply. *Sellers*, 2012 WL 5362977, at \*3.

As such, the Court finds that Defendants' objections based on the peer review and risk management privileges are **overruled**. Plaintiff's motion (Doc.

7

214) is **GRANTED**.  The Court declines to engage in an *in camera* review of the documents at issue.  Instead, the Court ORDERS that unredacted copies of the documents be produced **within thirty (30) days of the date of this Order**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 214) is **GRANTED** as set forth more fully herein.

IT IS SO ORDERED.

Dated this 25th day of January, 2019, at Wichita, Kansas.

                                  S/ KENNETH G. GALE
                                  HON. KENNETH G. GALE
                                  U.S. MAGISTRATE JUDGE