IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.M., a minor, by and through )
his next friend and natural guardian, )
KELLI MORGAN, )
 )
                 Plaintiff, )
 )
v. )  Case No.: 18-2158-KHV-KGG
 )
WESLEY MEDICAL CENTER LLC )
d/b/a WESLEY MEDICAL )
CENTER-WOODLAWN, *et al.*, )
 )
                 Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Plaintiff regarding Requests for Admissions served on Defendants Borick, White, and Hartpence (hereinafter "resident Defendants" or "Defendants"). (Doc. 266.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED in part** and **DENIED in part** for the reasons set forth below.

## BACKGROUND

Plaintiff, through his natural guardian and next friend, filed his federal court Complaint on April 9, 2018, alleging claims under Kansas medical malpractice laws and under the Federal Emergency Medical Treatment and Active Labor Act. The claims result from the medical care he received on March 5 and 6, 2017.

Plaintiff alleges that on March 6, 2017, he "suffered a catastrophic and medically-preventable stroke that left him with right-side paralysis, neurological damage and other debilitating physical injuries that permanently changed his and his parents' lives." (Doc. 1, at 5.)

Plaintiff served identical Requests for Admissions ("RFAs") on the resident Defendants. Plaintiff complains that "[e]very answer" of the resident Defendants "to every RFA contains an objection followed by a 'without waiving such objection' conditional response." (Doc. 266, at 1.) Plaintiff continues that the resident Defendants "also blanket their responses with general objections," which Plaintiff contends are improper.

## ANALYSIS

I. **Conditional Objections.**

The resident Defendants' responses to the Requests for Admission begin with a set of "general objections," which are enumerated before they provide responses to any of the specific Requests. (*See* Doc. 266-1, at 3-11; Doc. 266-2, at 3-12; Doc. 266-3, at 3-14.) The specifics of the "general objections" are discussed more thoroughly in Section II, *infra*.

As to each specific Request for Admission, the resident Defendants respond by stating "Objection. See the general objections stated above." (*See generally* Docs. 266-1, 266-2, and 266-3. Defendants then state that "[w]ithout waiving such

objection," they are admitting or denying each particular Request.  (*Id*.)   This is known as a "conditional response" or "conditional objection," which "occur[s]when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections." ***Westlake v. BMO Harris Bank N.A.***, No. 13–2300–CM–KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014).

Courts in this District have previously ruled that conditional objections are "manifestly confusing (at best) and misleading (at worse [sic]), and [have] no basis at all in the Federal Rules of Civil Procedure." ***Sprint Commun. Co., L.P. v. Comcast Cable Commun., LLC***, No. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (Feb. 11, 2014) (reaching this conclusion as to conditional responses raised in response to Requests for Production of Documents).  This District has specifically held that "such conditional answers are invalid and unsustainable." ***Sprint***, 2014 WL 545544, at *2.  It places the requesting party in the impossible situation of being "uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Id*. (quoting with approval ***Consumer Elec. Ass'n v. Compras and Buys Magazine, Inc***., No. 08-21085, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008) (reaching this conclusion in context of Requests for Production of Documents).)

The undersigned Magistrate Judge has specifically indicated his disapproval of conditional responses, that, as with the responses at issue, occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections." ***Barcus v. Phoenix Insurance Co***., No. 17-2492-JWL-KGG, 2018 WL 1794900, at *3 (D. Kan. April 16, 2018) (in context of interrogatories and document requests) (citing ***Westlake***, 2014 WL 1012669, at *3 (internal citation omitted)). This Court has held that such conditional responses are "invalid," "unsustainable," and "violate common sense." ***Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.***, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D. Kan. June 23, 2014) (internal citation omitted).

Defendants contend, however, that Plaintiff's argument is misplaced. Defendants argue that the cases relied upon by Plaintiff discuss Interrogatories or Requests for Production, which are discovery requests, while the present motion involves Requests for Admission, which "are not a discovery device … ." (Doc. 276, at 5.)

Requests for Admission are governed by Fed.R.Civ.P. 36. The Rule allows a party to serve a written request on another party to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Requests for Admission serve two purposes,

which are "designed to reduce trial time." Fed.R.Civ.P. 36 advisory committee's note to 1970 amendment. "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *Id.*; *see also* **Richard v. Sedgwick County Bd. Of Comm'rs**, No. 09-1278-MLB, 10-1042-MLB, 2013 WL 3467124, *1 (D. Kan. July 10, 2013). Thus, Requests for Admission are "not [intended] to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." **Solis v. La Familia Corp.**, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012). As such, Defendants argue that courts must treat Requests for Admission differently than discovery requests. (Doc. 276, at 6.)

Defendants criticize Plaintiff's position, stating that "[t]he authorities cited by Plaintiff did not concern requests for admission, and none of the decisions applied any such ruling to requests for admission." (Id., at 5.) Even assuming this to be correct, Defendants have failed to acknowledge a ruling by the undersigned Magistrate Judge holding that conditional objections to Requests for Admission are improper, as are conditional objections to discovery requests. **Everlast**, 2014 WL 2815515, at *3. In **Everlast**, the undersigned Magistrate Judge found all such conditional responses, including those in response to Requests for Admission, to be

5

"'invalid,' 'unsustainable,' and to 'violate common sense.'" *Id*. (citing *Sprint v. Comcast*, 2014 WL 54544, at *2, 3. The undersigned Magistrate Judge directed the responding party in *Everlast* to provide supplemental responses without such language. *Id*.

The same is ordered of the resident Defendants herein. The conditional objections of the resident Defendants are **OVERRULED** as to each of the Requests for Admissions. Defendants are directed to provide supplemental responses removing the conditional objections and admitting or denying the Requests as contemplated by Fed.R.Civ.P. 36. Pursuant to subsection (a)(4) of that rule, if a matter is not admitted, Defendants "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4).[1] The supplemental responses are due **within thirty (30) days of the date of this Order**.

## II. General Objections.

As mentioned above, the resident Defendants' responses to Plaintiff's Requests for Admission begin with an identical and lengthy (300-plus words)

---

[1] The Rule continues that any denial "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

section entitled "General Objections." (*See* Doc. 266-1, at 2; Doc. 266-2, at 2; Doc. 266-3, at 2.) Defendants basically contend that the Requests, "individually and collectively, … constitute a misuse of requests for admission" and "individually and collectively, are argumentative, misleading, and present selected facts out of context." (*Id*.) Defendants also object to the "vague, argumentative and compound" definition of the term "neurological examination" in the Requests. (*Id*.)

This Court has "repeatedly condemned the use of 'boilerplate' or blanket objections," which this Court has defined as "general objections either not linked to a specific request, or objections within a specific request but which are so general in nature that the requesting party cannot determine whether information or documents are being withheld pursuant to the objection.[2] *Nyanjom v. Hawker Beechcraft, Inc.*, No. 12-1461-JAR-KGG, 2014 WL 2135997, at *1 (D. Kan. May 22, 2014).

> Objections of this type do not provide the requesting party or the Court any way to evaluate the validity of the objection … . Generally, such objections can be easily spotted because they either appear as General Objections not linked to a specific request, or they are worded as objections 'to the extent' or 'insofar as' the request is objectionable. An answer 'subject to' such objection is incomplete. **The undersigned generally views such**

---

[2] The Court would identify the objections at issue as blanket-type objections – encompassing all of the Requests as opposed to being linked to a specific request – rather than boilerplate objections, which are improperly general in nature.

7

> **objections as improper and ineffective to preserve any valid objections**.

*Id*. (emphasis added). Plaintiff contends that "it is impossible to tell which of the three blanket 'General Objections' apply to which [Request for Admission]." (Doc. 266, at 6.) Plaintiff continues that "[c]ounsel has no way of telling which specific parts of which specific [Request] any of the three objections apply." (*Id*.) The Court agrees.

The Court thus finds the first two paragraphs of "general objections" included at the beginning of Defendants' responses to the Requests for Admission to be improper and **STRIKES** them, **without prejudice**. The Court notes that these objections have less to do with responding to the particular Requests and more to do with presenting this evidence at the time of trial or including it in the Pretrial Order. (*See* Doc. 276, at 7-11.) Notwithstanding the Court's ruling herein, such issues still may be raised by Defendants at the Pretrial Conference or at the time of trial in the context of presenting this information to the jury or the trial court. Defendants are instructed to provide supplemental responses, **removing these objections, within thirty (30) days of the date of this Order**.

The third paragraph of the "general objections" relates to the resident Defendants' concerns with Plaintiff's definition of the term "neurological examination." Plaintiff's Requests include the following definition of the term: "A systematic examination of the nervous system, including an assessment of

mental status, of the function of each of the cranial nerves, of sensory and neuromuscular function, of the reflexes, and of proprioception and other cerebellar functions."[3] (*See* Doc. 266-1, at 1.) In their "general objections," Defendants contend that this definition of the term

> is vague, argumentative and compound. The use of such definition again serves to present a misleading description of the events of care. No reasonable explanation or qualification of the admissions regarding 'neurological examination' can be made without a lengthy narrative. Such explanation or qualification would require description of the examination which was performed, and discussion of whether or not an examination of the type defined was called for under the circumstances. This effectively turns the requests into discovery requests, rather than requests for admissions.

(Doc. 266-1, at 2; Doc. 266-2, at 2; Doc. 266-3, at 2.)

That stated, Defendants responses to the Requests including the term "neurological examination" incorporate Plaintiff's definition into their response. For instance, Request No. 1 asks Defendants to admit or deny that "you did not perform a neurological examination on Dorian Morgan on March 6, 2017 before 10:00 a.m." (Doc. 266-1, at 3; Doc. 266-2, at 3; Doc. 266-3, at 3.) Defendants

---

[3] Plaintiff's Requests are not included as an exhibit to the briefing. Only Defendants' responses have been attached. This is acceptable pursuant to D. Kan. Rule 37.1. That stated, the Court can only surmise that Plaintiff's definition of "neurological examination" was included in an introductory "definitions" section of the Requests served on the resident Defendants. If so, Defendants' inclusion of this objection in an introductory section of their responses is a proper use of an introductory "general objection."

each reference their general objections, but, "[w]ithout waiving such objections," admit that they "did not perform the type of neurological examination defined above on Dorian Morgan." (*Id*.) Defendants' responses to Requests Nos. 2, 9, 10, 17, which also include the term, are similar, as they reference their general objections but then answer in the context of the "type of neurological examination defined above…" (Doc. 266-1, at 3, 5, 7; Doc. 266-2, at 3, 5, 6, 8; Doc. 266-3, at 3, 6, 8.)

Because Defendants have incorporated Plaintiff's definition of the term "neurological examination" into their responses, the objections stated as to the term are superfluous and, as to the responses, without effect. The responses were provided based on the definition propounded. Thus, Plaintiff's motion as to this objection is **DENIED**.

### III. Request No. 32 to Dr. Hartpence.

Plaintiff's Request for Admission No. 32 to Dr. Hartpence asked him to admit he "wrote Orders on March 6, 2017[,] requesting vital signs be taken every hour." (Doc. 266-3, at 13.) Dr. Hartpence responded by incorporating his general objections, then, admitted "that the Orders, as entered into the electronic record, reflect an order for vital signs to be taken every hour." (*Id*.) He continues, however, by denying "that this was his intent, and believes that the wrong order set was inadvertently selected when the orders were entered into the electronic

record." (*Id.*) Plaintiff argues that it was improper for Dr. Hartpence to deny the response with a qualification that he did not intend to write the order. (*Id.*) Plaintiff continues that

> the fact is that he did write the Order and it appears in the medical record. The Request does not seek his intent. The request seeks whether he wrote the Orders or not – yes or no. Setting aside how a doctor can unintentionally write orders for his patient, attempting to deny a fact based on subsequent intent is improper. It is also speculative that Dr. Hartpence now 'believes' the Order was 'inadvertently' selected. As such, Dr. Hartpence should be Ordered to correct his response to RFA 32 to reflect the truth that he wrote the Orders.

(*Id.*)

Defendants respond that deposition testimony of Dr. Borick – which was given prior to the filing of Plaintiff's motion – establishes that the electronic medical record, "as it presently exists, likely does not reflect the order entered by Dr. Hartpence, but rather reflects the order as later modified by Dr. Borick after the Plaintiff was transferred to the pediatric intensive care unit." (Doc. 276, at 18.) Defendants argue that "[i]t is beyond reason … that Plaintiff would now demand that Dr. Hartpence nonetheless make an unqualified admission as requested by the Plaintiff. (*Id.*) Defendants continue that

> [i]t now appears that, most likely, Dr. Hartpence's conclusion that he may have selected the wrong order set when he entered orders for vital signs around the time of admission was incorrect. Defendant believes that additional discovery regarding the history of the

11

> electronic medical record may further clarify the question regarding his initial order for vital signs. That discovery has not yet occurred, but Defendant anticipates that it will occur at the appropriate time. Following such discovery, Defendant anticipates that he will file a motion asking for leave to modify his response to Request for Admission number 32, to allow him to simply deny the request. At the time the requests for admissions were initially answered, Defendant Hartpence gave the best answer he was able to provide. It would be both unfair and prejudicial for the Court to simply force an admission of this request, particularly in light of the testimony of Dr. Borick, which suggests that the order which now appears in the record was not the order of Dr. Hartpence, but rather her modification of the order at a later time.

(*Id*., at 22.)

Plaintiff's reply brief does not discuss Dr. Hartpence's response to Request No. 32. As such, the Court finds Defendants' arguments as to this Request to be uncontested. Plaintiff's motion is **DENIED** as to Request No. 32.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 266) is **GRANTED in part** and **DENIED in part** as set forth more fully herein. Supplemental responses removing the objections at issue are to be provided **within thirty (30) days of the date of this Order**.

IT IS SO ORDERED.

Dated this 9th day of May, 2019, at Wichita, Kansas.

                               S/ KENNETH G. GALE
                               HON. KENNETH G. GALE
                               U.S. MAGISTRATE JUDGE