IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.M., a minor, by and through )
his next friend and natural guardian, )
KELLI MORGAN, )
)
               Plaintiff, )
)
v. )  Case No.: 18-2158-KHV-KGG
)
WESLEY MEDICAL CENTER LLC )
d/b/a WESLEY MEDICAL )
CENTER-WOODLAWN, *et al.*, )
)
             Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is "Motion to Compel Answers to Requests for Admissions" filed by Defendant Wesley Medical Center (hereinafter "Defendant"). (Doc. 356.) Having reviewed the submissions of the parties, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff, through his natural guardian and next friend, filed his federal court Complaint on April 9, 2018, alleging claims under Kansas medical malpractice laws and under the Federal Emergency Medical Treatment and Active Labor Act. The claims result from the medical care he received on March 5 and 6, 2017. Plaintiff alleges that on March 6, 2017, he "suffered a catastrophic and medically-

1

preventable stroke that left him with right-side paralysis, neurological damage and other debilitating physical injuries that permanently changed his and his parents' lives." (Doc. 1, at 5.)

The Requests for Admission ("RFAs") at issue in this case were served by Defendant on April 29, 2019. (Doc. 325.) The Scheduling Order in effect in this case listed a deadline of March 31, 2020, for "[a]ll discovery in this case [to] be commenced or served in time to be completed" and a separate, earlier deadline of April 29, 2019, for the completion of "fact discovery." (*See* Doc. 94, at 3; Doc. 287, text entry, extending fact discovery deadline by agreement of the parties.) As such, Plaintiff argues that Defendant's requests "were late because the [responses to the] RFAs would not be due until 30 days after this Court's deadline to complete fact discovery." (Doc. 358, at 1.)

Defendant, on the other hand, argues that RFAs are not subject to the fact discovery deadline. Defendant quotes language from a prior Order in this case in which the undersigned Magistrate Judge stated that RFAs are "are 'not [intended] to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof.'" **Morgan v. Wesley Med. Ctr. LLC**, No. 18-2158-KHV, KGG, 2019 WL 2067363 at *2 (D. Kan. May 9, 2019) (internal citation omitted)). Defendant continues that

> [t]he discovery deadline is March 31, 2020. Pretrial conference is set for April 7, 2020. *See* Doc. 94. It does not make sense to enforce the 'fact discovery' deadline against Wesley's RFAs. A party may not know until the end of 'fact' discovery what issues can be narrowed. Waiting until after fact discovery closes gives both the requesting party and the responding party the advantage of knowing all the facts before attempting to narrow the issues. But if RFAs are subjected to the fact discovery deadline, the parties cannot wait until all the facts of the case are fleshed out before drafting and answering RFAs.

(Doc. 362, at 2.)

Plaintiff relies on the decision by Judge Waxse in ***Epling v. UCB Films, Inc.***, 2000 WL 1466216 at *24 (D. Kan. Aug. 7, 2000) wherein Judge Waxse held that "case law holds that requests for admissions are a form of discovery and therefore subject to the discovery cut-off." (*See* Doc. 358, at 2.) Defendant replies that the ***Epling*** decision is distinguishable because Judge Waxse was applying the "all discovery" deadline, not a "fact discovery deadline." (Doc. 362, at 3 (quoting ***Epling***, 2000 WL 1466216 at *24 ("The Scheduling Orders in both cases state that '[a]ll discovery shall be completed ... on or before June 15, 1999'").) As Defendant correctly asserts, in the present case, it is uncontroverted that the "all discovery" deadline is "months into the future." (Doc. 362, at 3.) Defendant also points to a decision from Judge Robinson wherein she found that "in cases where the deadline for discovery would expire before a party would be required to respond to a request for admission, courts have required the request for admission

3

to be answered." *Nielander v. Board of Co. Comm'rs of Co. of Republic, Kansas*, No. 06-2013-JAR, 2007 WL 4561541 at *1 (D. Kan. Dec. 21, 2007) (citing *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 17 (D. D.C. 2004) (admission would be due two days after expiration of discovery deadline) and *Leach v. Quality Health Serv., Inc.*, 162 F.R.D. 40, 42 (E.D. Pa. 1995) (admission due after two and one-half weeks after discovery deadline)). Thus, according to Defendant, even if its RFAs were subject to the "fact discovery" deadline, Plaintiff should be compelled to answer them.

The Court is persuaded by Defendant's argument that in the present situation – where there are separate discovery deadlines for "fact discovery" and "all discovery" – waiting until the close of fact discovery "gives both the requesting party and the responding party the advantage of knowing all the facts before attempting to narrow the issues." (Doc. 362, at 2.) Further, even assuming the RFAs at issue are "fact" discovery and subject to the expired fact discovery deadline, the deadline for "all discovery" in this case is not until next year. Plaintiff will not be unduly prejudiced by being compelled to respond. Defendant's motion is **GRANTED** and Plaintiff is instructed to respond to Defendant's RFAs **within thirty (30) days of the date of this Order**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 356) is **GRANTED**.

IT IS SO ORDERED.

Dated this 25th day of July, 2019, at Wichita, Kansas.

                           S/ KENNETH G. GALE
                           HON. KENNETH G. GALE
                           U.S. MAGISTRATE JUDGE