# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

D.M., a minor, by and through )
his next friend and natural guardian, )
KELLI MORGAN, )
                                                   )
                       Plaintiff, )
                                                   )
v.                                                   )   Case No.: 2:18-CV-02158-KHV-KGG
                                                   )
WESLEY MEDICAL CENTER LLC )
d/b/a WESLEY MEDICAL )
CENTER-WOODLAWN, *et al.*, )
                                                   )
                       Defendants. )
_____)

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff has filed a motion (Doc. 378) asking the Court to reconsider its Order (Doc. 377) denying Plaintiff's Motion to Compel (Doc. 365) which sought production from non-party CarePoint, P.C. of certain documents shared with the insurer and attorneys for Defendants Dr. Faimon and P.A. Grover, both of whom are employed by CarePoint. For the reasons set forth herein, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff, through his natural guardian and next friend, filed his federal court Complaint on April 9, 2018, alleging claims under Kansas medical malpractice

1

laws and under the Federal Emergency Medical Treatment and Active Labor Act. The claims result from the medical care he received on March 5 and 6, 2017. Plaintiff alleges that on March 6, 2017, he "suffered a catastrophic and medically-preventable stroke that left him with right-side paralysis, neurological damage and other debilitating physical injuries that permanently changed his and his parents' lives." (Doc. 1, at 5.)

Plaintiff earlier subpoenaed non-party CarePoint, seeking documents relating to correspondence between the non-party and Defendants Dr. Faimon and P.A. Grover, their attorney and/or their insurer. (Doc. 365, at 2.) Plaintiff does not dispute that Faimon and Grover are employed by CarePoint.

In addition, CarePoint does not dispute that it possesses information responsive to Plaintiff's requests. (Doc. 365, at 3.) Rather, CarePoint claims that the attorney for Defendants Faimon and Grover "requested that CarePoint not produce the documents on grounds that it is the work-product of or attorney-client privilege between Dr. Faimon and P.A. Grover, their attorney, or their insurer." (*Id.*, at 1.)

CarePoint served its responses and objections to Plaintiff's subpoena on July 20, 2019, objecting to Requests for Production Nos. 13, 23, 27, 29, 30, 32, 40, 42, and 47 on the basis of work-product or attorney-client privilege. (Doc. 365, at 2-3.) The objections to the Requests all indicate that CarePoint

> has copies of communications between it and the
> attorneys and insurers for defendant Faimon and
> defendant Grover. These confidential communications
> constitute work product of parties, their counsel and
> insurers, pursuant to Fed. R. Civ. P26(b)(3). CarePoint
> has been requested to protect these communications from
> discovery.

(Doc. 365-1, at 5, 8, 9, 10, 12, & 13.) CarePoint subsequently produced a Privilege Log for its objections to Plaintiff's requests and Plaintiff sought production of certain documents listed therein. (Doc. 365, at 3.)

Plaintiff contends that "because Dr. Faimon and P.A. Grover's attorney and insurer disclosed the correspondence to third-party CarePoint, any privilege was waived." (*Id*., at 1.) The Court denied Plaintiff's motion, holding that

> [r]egardless of who has the burden of establishing
> CarePoint's status as a healthcare provider qualified for
> coverage – and thus immune from vicarious liability –
> the Court agrees with CarePoint that 'there was a
> potential for CarePoint to be sued for its independent
> liability in staffing decisions,' and such staffing decisions
> would relate to Defendants Grover and Faimon. (Doc.
> 370, at 6.) As argued by CarePoint, this basis for liability
> could be 'asserted even if K.S.A. 40-3403(h) would
> prohibit vicarious liability for the acts or conduct of
> other health care providers.' (*Id*.) The Court is,
> therefore, satisfied that the common interest doctrine
> applies and that the attorney-client privilege/work
> product protection has not been waived as to the
> documents at issue.

(Doc. 377, p. 10). Plaintiff brings the present motion to reconsider, arguing that "[b]ecause a cause of action for negligent staffing against healthcare providers

3

does not exist under Kansas law, it was clear error for this Court to deny Plaintiff's motion to compel on grounds that there was potential for CarePoint to be sued for its independent liability in staffing decisions." (Doc. 378, at 1 (citations omitted).)

## ANALYSIS

### I. Legal Standard for Motion to Reconsider.

D. Kan. Rule 7.3(b) governs motions to reconsider. It states, in relevant part, that "[a] motion to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." In *Comeau v. Rupp*, this District held that

> [r]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

810 F.Supp. 1172 (D.Kan.1992) (internal citations and quotes omitted). Stated another way, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Eastman v. Coffeyville Resources Refining & Marketing, LLC*, No. 10–1216, 2011 WL 972487, at *1 (D.Kan. March 16, 2011) (quoting *Cline v. S. Star Cent. Gas Pipeline*, 370 F.Supp.2d 1130, 1132 (D.Kan.2005)).

As stated above, Plaintiff argues that "[b]ecause a cause of action for negligent staffing against healthcare providers does not exist under Kansas law, it was clear error for this Court to deny Plaintiff's motion to compel on grounds that there was potential for CarePoint to be sued for its independent liability in staffing decisions." (Doc. 378, at 1 (citing ***Cady v. Schroll***, 298 Kan. 731, 745, 317 P.3d 90, 100 (2014) (reaffirming K.S.A. 4-3403(h) prohibits negligent staffing/hiring claims); ***Lemuz v. Fieser***, 261 Kan. 936, 940–42, 933 P.2d 134, 139–40 (1997) (holding 40-3403(h) prohibits negligent staffing claims); ***McVay v. Rich***, 874 P.2d 641, 645 (Kan. 1994) (holding 40-3403(h) prohibits negligent staffing claims because it "eliminates not only vicarious liability but also responsibility for any injury arising out of the rendering of or failure to render professional services by another health care provider who is also covered by the fund."); ***Harris v. Hood***, No. 08-2386-EFM, 2009 WL 1421205, at *4 (D. Kan. May 20, 2009) (holding 40-3403(h) bars negligent staffing claims).)

Plaintiff is correct that "the common interest doctrine is inapplicable between a defendant-employee and thirdparty employer when the employer is immune from the acts of its employee." (Doc. 378, at 7 (citing ***Beltran v. InterExchange, Inc.***, No. 14-cv-03074-CMA-CBS, 2018 WL 839927 at *9 (D. Col. Feb. 12, 2018) ("the [third party] does not, and cannot have, that interest

5

because the [third party] cannot be held liable for [defendant's conduct]").

Plaintiff continues that

> [b]ecause K.S.A. 40-3403(h) bars vicarious liability, including negligent staffing claims, against healthcare providers qualified for coverage from the Fund, the common interest doctrine is inapplicable if CarePoint is a healthcare provider qualified for coverage from the Fund. [Citations omitted.] In its Order here, the Court reasoned the common interest doctrine is applicable because:
>
>> Regardless of who has the burden of establishing CarePoint's status as a healthcare provider qualified for coverage – and thus immune from vicarious liability – the Court agrees with CarePoint that 'there was a potential for CarePoint to be sued for its independent liability in staffing decisions,' and such staffing decisions would relate to Defendants Grover and Faimon. (Doc. 370, at 6.) As argued by CarePoint, this basis for liability could be 'asserted even if K.S.A. 40-3403(h) would prohibit vicarious liability for the acts or conduct of other health care providers.' (*Id*.)

(Doc. 377, p. 10).

But with no potential of a negligent staffing claim, the Court can only find the common interest doctrine applicable if it first finds CarePoint met its burden to show it is not a healthcare provider qualified for coverage from the Fund such that 40-3403(h) is inapplicable to it. If it is, Kansas law bars any potential claim against it for the acts of its employees and the common interest doctrine is inapplicable. If it is not, the common interest doctrine may apply.

6

(Doc. 378, at 7.) Plaintiff concludes that CarePoint failed to meet its "burden to show whether it is or is not a healthcare provider qualified for coverage under the fund." (*Id*., at 8.)

CarePoint responds that " Plaintiff has failed to mention that the statute does not prohibit a health care provider from being 'otherwise responsible' when that health care provider is qualified for the Fund (hereinafter 'Fund HCP') and the person who committed the direct tort was not a health care provider qualified for the Fund (hereinafter 'non-Fund HCP')." (Doc. 381, at 2.) CarePoint continues that

> [t]he statute draws a distinction between Fund HCP's and non-Fund HCP's. Physicians, hospitals, physician assistants, and a host of other health care providers are defined as Fund HCP's. K.S.A. 40-3401. Other types of health care providers, such as nurse practitioners, registered nurses, physical therapists, radiology techs, etc., are not included in the definition of Fund HCP's.
> The statute does not prohibit legal responsibility of a Fund HCP for the negligence of a non-Fund HCP. Nor does the statute prohibit legal responsibility of a non-Fund HCP for a Fund HCP.

(*Id*.)

CarePoint specifies that "Plaintiff hasn't cited any case in which a defendant employer was a non-Fund HCP" and indicates it is unaware "of a published case in which a non-Fund HCP employed a Fund HCP, and a court found that the non-Fund HCP was immune pursuant to KSA 40-3403(h)." (*Id*., at 4.) Rather,

7

according to CarePoint, "[a]ll the published cases relate to various types of claims plaintiffs have asserted against Fund HCP defendants to attempt to hold them 'otherwise responsible' for the negligence of other Fund HCP's." (*Id.*) The Court's research has resulted in similar findings. Further, Plaintiff did not file a reply to CarePoint's response, thus the Court is aware of no legal authority contrary to CarePoint's conclusion.

    CarePoint continues that a healthcare provider covered by the Fund,

> such as CEP[,] could have vicarious liability for the negligence of a non-Fund HCP such as defendant Daney. Likewise, a Fund HCP such as Wesley could have vicarious liability for the negligence of a non-Fund HCP such as a nurse employed by it in its emergency department.
>     As a physician assistant, Grover is a Fund HCP. As a physician, Dr. Faimon is also a Fund HCP. If CarePoint is a Fund HCP, then CarePoint cannot have "other responsibility" for the outcome of any negligent conduct of Grover or Dr. Faimon. But if CarePoint is a non-HCP, then CarePoint can have vicarious liability or other responsibility for the results of any negligent conduct of Grover or Faimon.
>     As CarePoint pointed out in its responsive brief (Doc. 370), plaintiff has not attempted to demonstrate whether CarePoint is a Fund HCP. Because that hasn't been determined, since CarePoint is the employer of two Fund HCP defendants, there is potential for vicarious liability based on the employer-employee relationship. Since CarePoint's status hasn't been determined, if good faith arguments can be made on either side of the issue, then CarePoint had and still has a reasonable concern that it might be named as a defendant.

(*Id.*, at 3-4.)

The Court agrees with CarePoint that, "[a]s a non-party employing two defendants against whom serious allegations of negligence have been made, CarePoint had an identical legal interest recognized by Ms. Cole (counsel for Faimon/Grover) when she shared the information with it." (Doc. 381, at 4.) The Court also agrees that "[s]uch information would be helpful to CarePoint in determining whether it might face the potential to be named as a defendant, and the basis for such a potential claim" that would be based "upon the claims of negligence against its two employees, and not upon any other basis." (*Id.*) CarePoint is correct in stating that because its "potential liability depended upon the allegations against those employees," the shared, underlying legal interest was "identical; the ultimate legal validity of an arguably invalid claim was beside the point." (*Id.*, at 4-5.) As such, Plaintiff's Motion to Reconsider (Doc. 378) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 378) is **DENIED**.

IT IS SO ORDERED.

Dated this 25th day of October, 2019, at Wichita, Kansas.

                        S/ KENNETH G. GALE
                        HON. KENNETH G. GALE
                        U.S. MAGISTRATE JUDGE