IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | No. 18-2158-KHV |
| WESLEY MEDICAL CENTER LLC d/b/a ) WESLEY MEDICAL CENTER-WOODLAWN, et al., ) ) | |
| Defendants. ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendants Via Christi Hospitals Wichita, Inc. And Aaron Kent, RN's Motion To File Under Seal Joint Motion For Approval Of Settlement And Motion For Dismissal With Prejudice As To Settling Defendants</u> (Doc. #429) filed April 21, 2020. For reasons stated below, the Court overrules defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. <u>Crystal Grower's</u>, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public

interest in access to court proceedings and documents.  See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendants asks the Court to seal their motion for approval of the settlement agreement and to dismiss, but they do not specifically explain how their interest in non-disclosure of the information outweighs the public interest in open courts or how any such interest cannot be adequately protected by limited redaction of sensitive materials.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  The Court therefore overrules defendants' motion to seal.

**IT IS THEREFORE ORDERED** that Defendants Via Christi Hospitals Wichita, Inc. And Aaron Kent, RN's Motion To File Under Seal Joint Motion For Approval Of Settlement And Motion For Dismissal With Prejudice As To Settling Defendants (Doc. #429) filed April 21, 2020 is **OVERRULED**.

Dated this 28th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge