IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-CV-2158-KHV-KGG<br>) |
| WESLEY MEDICAL CENTER L.L.C.<br>d/b/a WESLEY MEDICAL CENTER-WOODLAWN;<br>WESLEY-WOODLAWN CAMPUS;<br>BRIDGET GROVER, PA-C;<br>DR. GREGORY FAIMON;<br>LISA JUDD, RN;<br>VIA CHRISTI HEALTH SYSTEMS d/b/a<br>VIA CHRISTI-ST. FRANCIS;<br>JENNIFER CHAMBERS-DANEY, APRN;<br>DR. BALA BHASKAR REDDY BHIMAVARAPU;<br>CEP AMERICA-KS, L.L.C.;<br>DR. CONNOR HARTPENCE;<br>DR. STEPHANIE WHITE;<br>DR. JAMIE BORICK; and<br>AARON KENT, RN; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE AS TO SETTLING DEFENDANTS**

Plaintiffs and Defendants Wesley Medical Center, L.L.C. d/b/a Wesley Medical Center-Woodlawn; Wesley-Woodlawn Campus; Lisa Judd, R.N., (the "Wesley Defendants"); Via Christi Health Systems d/b/a Via Christi-St. Francis and Aaron Kent, R.N. ("the Via Christi Defendants"); and (collectively "the Parties") seek an Order approving the settlement that has been reached between Plaintiffs and these Defendants and an Order for Dismissal with Prejudice as to the Settling Defendants. In support of their motion, the Parties state:

1.  This matter involves a minor, D.M., whose parents have brought claims of medical

negligence against numerous medical providers related to the diagnosis and treatment of a brain tumor that was discovered in D.M. in March 2017. These Defendants dispute that any medical negligence occurred as alleged in this case and dispute that Plaintiffs have suffered damages as a result of medical negligence but agree that D.M. now has certain seemingly long-term disabilities.

2. The Parties have settled this matter between them as a full and final settlement of all claims brought or that could have been brought by Plaintiffs against these Defendants and as more fully set forth in the attached Settlement, Release and Confidentiality Agreement. (Settlement Agreement, **Exhibit A**.)

3. K.S.A. 40-3410 requires court approval of settlements involving payments from the Healthcare Stabilization Fund. K.S.A. 7-121b requires court approval of attorneys fees involving damage actions for acts or omissions of health care providers.

4. The full terms of the agreed upon settlement are outlined in the Settlement Agreement, redacted of confidential monetary amounts. The terms of the Settlement Agreement include the following:[1]

    a. These Defendants shall obtain a full release from Plaintiffs and these settling defendants shall be dismissed with prejudice from this action.

    b. In exchange for a full release, the Wesley Defendants shall pay or cause to be paid on their behalf the total confidential sums as recited in the Settlement Agreement, Section 3A.

    c. In exchange for a full release, the Via Christi Defendants shall pay or cause to be paid on their behalf the total confidential sums as recited in the Settlement Agreement, Section 3B.

---

[1] These terms are meant simply to provide the Court with a general summary and to the extent the description of the terms in this Motion are at odds with the Settlement Agreement, the Settlement Agreement shall control.

        d.       The terms of the settlement are confidential as stated in Section 7 of the Settlement Agreement.

        e.       Upon this Court's approval of the Settlement Agreement and other matters herein, this matter shall be dismissed with prejudice as to these Defendants.

5.      The Parties and their counsel believe that the settlement outlined in Exhibit A is fair, just, equitable, and reasonable. The Parties ask the Court to approve the settlement outlined in Exhibit A and can provide the court directly with an unredacted copy. The name of the minor child, the amounts of the settlement from each settling defendant and the amounts of the medical liens are redacted in Exhibit A. The parties provide support for such redactions as follows:

    a.    The lawsuit is filed on behalf of the minor child, D.M, by protecting his name from public records. Documents filed with the court bearing his name should be redacted consistent with such protections.

    b.    The minor child is receiving the settlement funds to be deposited into a special needs trust for the benefit of his care, treatment and continued medical needs. The minor child, as well as his parents on his behalf, have a privacy interest in keeping such amounts confidential from the public. The confidentiality of such settlement funds were a material term of the settlement agreement of all of the settling parties.

    c.    The minor child incurred multiple medical liens for medical care. Plaintiff's attorneys have negotiated such liens and the amounts are listed in the settlement agreement. The parties, including the minor child, and the lien holders have an interest in keeping amounts related to the minor's medical care confidential and withheld from the public.

6.	There are three liens known to the parties at this time. Plaintiffs' counsel have reached agreements for partial payments with The Colorado Department of Health Care Policy and Financing (Colorado Medicaid), Conduent Payment Integrity Solutions, and The Rawlings Company as further described in Section 4 of the Settlement Agreement. Each of these lienholders shall be paid from the settlement proceeds described in section 4.b. and 4.c. above. It shall be Plaintiffs' responsibility to pay these liens and any other(s) discovered.

7.	Plaintiffs' counsel shall be paid from the settlement proceeds described in section 2.b. and 2.c. Plaintiffs' counsel attaches **Exhibit B** – Brief as support for such fees and Plaintiffs' counsel believes that these fees are reasonable, equitable, and just and asks that the Court approve the fees.

8.	The Wesley Defendants have incurred fees defending this matter. Such fees have been invoiced by itemized billing statements submitted during the progress of the case and paid by the clients directly to Wesley's attorneys. Wesley's counsel submits **Exhibit C**, an Affidavit from Kansas Attorney Diane Waters, from Shawnee, Kansas, in support of the appropriateness and reasonableness of such fees. The Wesley Defendants' counsel believes that these fees are appropriate and reasonable and asks the Court to approve the fees.

9.	The Via Christi Defendants have incurred fees defending this matter. Such fees have been invoiced by itemized billing statements submitted during the progress of the case and paid by the clients directly to Via Christi's attorneys. Via Christi's counsel submits **Exhibit D**, an Affidavit from Kansas Attorney Lawrence Logback, from Overland Park, Kansas, in support of the appropriateness and reasonableness of such fees. The Via Christi Defendants' counsel believes that these fees are appropriate and reasonable and asks the Court to approve the fees.

WHEREFORE, the Parties ask that the Court hold a telephonic hearing, if needed, to establish any needed evidence on this matter and that upon sufficient evidence, enter an Order approving the Settlement Agreement as fair, just, equitable, and reasonable, enter an Order approving the attorneys' fees herein as reasonable, enter an Order dismissing this action as to these Defendants upon the execution of the Settlement Agreement and approvals by the Court sought in this Motion, and for other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Daniel B. Giroux
Daniel B. Giroux, #19375
DUGAN & GIROUX LAW, INC.
940 N. Tyler, Suite 206
Wichita, Kansas 67212
Telephone: (316) 721-5500
Facsimile: (316) 722-7510
Email: dan@dgwichitalaw.com

And

/s/ Stephen J. Torline
Stephen J. Torline KS #18292
Michael J. Kuckelman KS #14587
Benjamin T. Friesen KS #26655
KUCKELMAN TORLINE KIRKLAND
10740 Nall, Suite 250
Overland Park, Kansas 66211
Direct Dial: 913-948-8613
Fax: 913-948-8611
storline@ktk-law.com
mkuckelman@ktk-law.com
bfriesen@ktk-law.com

Attorneys for Plaintiff

MARTIN, PRINGLE, OLIVER,
 WALLACE & BAUER, L.L.P.

/s/ David S. Wooding
David S. Wooding, #10781
Samantha M. H. Woods, #25929
100 N. Broadway, Suite 500
Wichita, KS 67202
(316) 265-9311
(316) 265-2955 (facsimile)
dswooding@martinpringle.com
smwoods@martinpringle.com
*Attorneys for Defendants Via Christi Hospitals Wichita, Inc., and Aaron Kent, RN*


GIBSON WATSON MARINO LLC

 /s/ Michelle M. Watson
Michelle M. Watson, #18267
G. Andrew Marino, #21716
301 N. Main, Suite 1300
Wichita, KS  67202-4813
(316) 264-7321
(316) 264-8614 (facsimile)
michelle@gwmks.com
andrew@gwmks.com
*Attorneys for Defendant Wesley Medical Center LLC and Lisa Judd, RN*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Joint Motion for Approval of Settlement was served electronically per court records on May 26, 2020, to all those set to receive notice pursuant to CM/ECF.

 /s/ Michelle M. Watson
Michelle M. Watson, #18267
G. Andrew Marino, #21716
301 N. Main, Suite 1300
Wichita, KS  67202-4813
(316) 264-7321
(316) 264-8614 (facsimile)
michelle@gwmks.com
andrew@gwmks.com
*Attorneys for Defendant Wesley Medical Center LLC and Lisa Judd, RN*