## EXHIBIT B

Plaintiff respectfully requests approval of attorney's fees, costs and expenses as set forth in the Settlement and Release Agreement. This is a complex medical malpractice case filed on April 10, 2018. Since filing the case, the parties have been actively engaged in significant litigation in terms of time and financial costs which will continue with the remaining defendants. For purposes of the <u>Joint Motion for Approval of Settlement and Motion for Dismissal with Prejudice as to Settling Defendants ("Joint Motion")</u>, Plaintiff provides this brief in support of his fees and expenses.

As noted in the First Amended Complaint (see Docket No. 121), this case involves the care and treatment of D.M. In short and for reasons alleged in the First Amended Complaint, D.M. sustained an avoidable pontine stroke that caused permanent disability. As of the filing of this <u>Joint Motion</u>, the parties have conducted the following activities: 450 docket filings; 59 depositions; designation of over 25 expert witnesses; review of voluminous records from three prolonged hospitalizations; 52 motions filed; fully briefed Motion to Exclude Expert Testimony; 7 motions for partial and/or complete for summary judgment; participation of over 10 different law firms in either direct representation of parties or witnesses, and; the productions of thousands of pages of medical records, documents, policies, procedures and other litigation related activities. Throughout the litigation, there have been no idle periods of time when the case was dormant. Counsel for Plaintiff has invested significant time, effort, and expense in the litigation of this matter.



Plaintiff has 4 attorneys actively litigating this case. Each attorney and law firm for the Plaintiff brings considerable experience to the case. Daniel Giroux of Dugan & Giroux Law, Inc. has been in active practice since 1999. Since January 2003, he has specialized in medical malpractice cases and has prosecuted well over 200 cases medical malpractice cases in his career. Michael Kuckelman, Stephen Torline, and Ben Friesen of Kuckelman, Torline and Kirkland (KTK) law firm are experienced in prosecuting and defending medical malpractice lawsuits. Michael Kuckelman has been a litigator since 1990. He has appeared in the United States District Court for the District of Kansas numerous times. He is experienced in defending and prosecuting medical cases as well as litigating a variety of unique and complex cases.

Stephen Torline of Kuckelman Torline Kirkland has been in active practice since 1997. Torline focuses his practice on professional liability cases, commercial litigation, and bad faith litigation. He has appeared in the United States District Court for the District of Kansas several times over his career.

Ben Friesen of Kuckelman Torline Kirkland has been a litigator since 2014. He has experience in many types of personal injury cases, including medical malpractice.

### Attorney Fees

Plaintiff is well aware of the Court's, as well as the parties', obligations as to the reasonableness of attorneys' fees and expenses. To assist the Court, Plaintiff offers the following in support of its request. This Court has a duty to ensure that the requested attorney's fee award is reasonable, and consequently, it considers the request under the eight factors set forth in Kansas Rule of Professional Conduct 1.5(a). See *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 207

(Kan. Ct. App. 1999) (explaining that the court considers the Kansas Rules of Professional Conduct (KRPC) Rule 1.5(a) factors when deciding whether a requested § 60-1905 attorney-fee award is reasonable); *Johnson v. Westhoff Sand Co.*, 135 P.3d 1127, 1135 (Kan. 2006) ("In determining the reasonableness of an attorney fee . . . the factors in Rule 1.5(a) of the Kansas Rules of Professional Conduct should be considered." (citations omitted)). As shorthand, the court refers to the factors as "KRPC 1.5(a) factors." Those factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

See KRPC Rule 1.5(a).

As noted in *Ortiz v. Biscanin*, 122 P.3d 365, 383 (Kan. Ct. App. 2004), as corrected (Nov. 28, 2005), "The district court itself is an expert in the area of attorney fees and can draw upon and apply its own knowledge and expertise in determining their value." As far as Plaintiff is concerned, an analysis of each factor clearly demonstrate that this present case is complex, extensive, time-consuming, and laborious to say the least. For purposes of this case, Docket filings 1-450 and substance therein clearly demonstrate the aforementioned Factors 1-7 have been met. For purposes of this brief, an analysis of Factor 8 is required.

It is within the Court's expertise without submission from leading plaintiff attorneys that a 40% contingency fee is usual and customary for medical malpractice injury cases. The Kansas District Court has approved attorney's fee awards of 40% in similar cases in the past. Transcript of Settlement Hearing, *Barragan v. St. Catherine Hosp.*, No. 02-cv-02433-CM-DJW, ECF No. 133 at 38 (D. Kan. Aug. 30, 2004) (finding 40% a reasonable fee in a medical malpractice case involving a minor where the total settlement value was $4.3 million, plaintiff's counsel had invested more than $90,000 and three years in the case, and had had to hire experts to controvert the defendant's experts on economic damages); Order Approving Wrongful Death Settlement and Apportionment, *Cowan v. Gen. Motors Corp.*, No. 06-133-MLB, ECF No. 48 at 2 (D. Kan. Dec. 4, 2007) (approving 40% attorney fee award in a wrongful death case). And, other courts such as the Kansas Supreme Court approving attorney's fees of 40% or thereabouts in similar cases. See, e.g., *Hawkins v. Dennis*, 905 P.2d 678, 692 (Kan. 1995) (granting attorney's fees of 40% in a personal injury and garnishment action); *Tobin v. Jerry*, 243 S.W.3d 437, 443 (Mo. Ct. App. 2007) (finding a 40% contingency fee reasonable for a legal malpractice action); *Risjord v. Lewis*, 987 S.W.2d 403, 405 (Mo. Ct. App. 1999) (reciting that a Missouri trial court had approved an attorney's fee award of about 39.7% of a personal-injury plaintiff's gross settlement recovery). Considering this authority, a 40% fee is within the range that attorneys in the area of medical malpractice charge for similar work.