IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| D.M., a minor by and through his next friend and natural guardian, KELLI MORGAN, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) ) | No. 18-2158-KHV |
| WESLEY MEDICAL CENTER, LLC d/b/a WESLEY MEDICAL CENTER-WOODLAWN, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER TO SHOW CAUSE

On May 26, 2020, plaintiff and defendants Wesley Medical Center, LLC d/b/a Wesley Medical Center-Woodlawn, Wesley-Woodlawn Campus, Lisa Judd, Via Christi Health Systems d/b/a Via Christi-St. Francis and Aaron Kent filed a joint motion which asks the Court to approve their settlement agreement. Joint Motion For Approval Of Settlement And Motion For Dismissal With Prejudice As To Settling Defendants (Doc. #452). In support, the parties attached a redacted version of the agreement. Settlement, Release and Confidentiality Agreement (Doc. #452-1) filed May 26, 2020. In particular, the exhibit redacts all payment amounts.

Federal courts have long recognized a common-law right of access to judicial records. United States v. Bacon, 950 F.3d 1286, 1292 (10th Cir. 2020). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). Although this right is not absolute, "there is a strong presumption in favor of public access." Bacon, 950 F.3d at 1293 (citations omitted). The party seeking to overcome this presumption must therefore show that countervailing interests "heavily outweigh" the public interests in access to judicial records.

-2-

Id. (citations omitted).   That is, the party must articulate real and substantial interests that justify depriving the public of access to records which inform the Court's decision-making process. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012); Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017); Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Here, the attached settlement agreement redacts all payment amounts.  In support of the redactions, the parties offer nothing but conclusory statements regarding their privacy interests. See Settlement, Release and Confidentiality Agreement (Doc. #452-1) at 3 (minor child and parents "have a privacy interest in keeping such amounts confidential from the public"); id. (the parties "have an interest in keeping amounts related to the minor's medical care confidential and withheld from the public").  Accordingly, the Court orders the parties to show good cause in writing why the redacted information should not be part of the public record.  To overcome the strong presumption in favor of public access, the parties should articulate real and substantial interests which justify each redaction, including payments to plaintiff and attorney's fees.[1]

**IT IS THEREFORE ORDERED that the parties show good cause in writing by June 24, 2020 why the redacted information should not be part of the public record.**

Dated this 18th day of June, 2020 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1]   This order does not apply to redacting the names of minors.