**SETTLEMENT, RELEASE AND CONFIDENTIALITY AGREEMENT**

This Release, Settlement and Confidentiality Agreement ("Agreement") is entered into by Plaintiffs and is effective as of the 21st day of May, 2020.

**1. Definitions**

"Plaintiffs" shall mean: D.M., a minor, by and through his natural mother and next friend, Kelli Linn Morgan, and by and through his natural father and next friend, Kevin Ralph Morgan.

"Defendants" shall mean: Wesley Medical Center, LLC d/b/a Wesley Medical Center-Woodlawn, as well as its respective representatives, agents, employees, attorneys, insurers, affiliated health care providers, past, present and future predecessors, successors, assigns, officers, directors, shareholders and their attorneys, their respective heirs and legal representatives and any other persons, corporations, firms or entities on their respective behalf, including specifically Lisa Judd, RN (hereinafter referred to as the "Wesley Defendants"); and Via Christi Health Systems d/b/a Via Christi-St. Francis, as well as its respective representatives, agents, employees, attorneys, insurers, affiliated health care providers, past, present and future predecessors, successors, assigns, officers, directors, shareholders and their attorneys, their respective heirs and legal representatives and any other persons, corporations, firms or entities on their respective behalf, including specifically Aaron Kent, RN (hereinafter referred to as the "Via Christi Defendants").

"Action" shall mean: The litigation filed by Plaintiffs against Wesley Medical Center, LLC; Lisa Judd, RN; Via Christi Health Systems; Aaron Kent, RN; and others in the United States District Court for the District of Kansas, Case No. 2:18-CV-02158 on or about April 9, 2018.

"Incident" shall mean: Any medical care or treatment provided by Defendants to D.M. in March, 2017.

"Parties Released" shall include: Defendants, Heath Care Indemnity, Inc. ("HCI"), The Ascension Health Alliance Self-insured Trust, Kansas Health Care Stabilization Fund and its Board of Governors ("Fund") for the settling Defendants mentioned herein only[1], together with any of their subsidiaries, affiliated and related entities, predecessors, assigns, officers, directors, shareholders, agents, employees, insurers, legal representatives, and any and all other persons or entities for whose conduct they may be liable or for whom they may be contractually obligated to provide professional liability or other insurance coverage.

"Released Claims" shall mean: All claims, causes of action, or interests described in Section 2 of this Agreement and as defined as "Incident" or "Action" above.

**2. Released Claims**

---

[1] The Kansas Health Care Stabilization Fund and its Board of Governors ("Fund") provides coverage to other named Defendants who are not part of this settlement. This Agreement shall only release the Fund for only the Defendants named herein. The Fund is not released as to any other remaining Defendant to this Action who elected Fund coverage.

EXHIBIT A

For the consideration listed in Section 3 below, Plaintiffs forever release the Parties Released, from all claims and causes of action, which were or may ever be asserted by Plaintiffs and/or Plaintiffs' executors, administrators, successors, assigns, or others, whether such claims or causes of action are presently known or unknown, asserted or unasserted, present or future, direct or indirect, which in any way arise out of the Incident and Action, or which in any way involve the diagnosis, care and treatment, or the failure to diagnose or treat Plaintiffs at any time to the present, including, but not limited to, any private or other cause of action that arises under contract, common law, Title XVIII or XIX of the Social Security Act (Pub. L. 74-271), or any other federal or state law, as currently in effect.

This Release is intended to cover any and all prior, current or future injuries, damages or losses, whether known or unknown to the parties to this Agreement, but which may later develop, or be discovered in connection with the Incident or Action including, but not limited to, wrongful death claims or loss of consortium claims, and shall be binding on all actual or any possible heirs, executors, administrators, and assigns.

Plaintiffs acknowledge that the above-referenced consideration is being accepted as full compensation for any and all injuries, damages and losses (past, present and future, known or unknown, asserted or unasserted, direct or indirect), which were or ever could be claimed in connection with the Incident and Action.

Plaintiffs waive any claim that this Agreement was not fairly and knowingly made, and acknowledge the potential uncertainty concerning the full extent of Plaintiffs' damages, claims or causes of action.  Plaintiffs warrant that no promise or inducement has been offered except as herein set forth and that this release is executed without reliance upon any statement or representation by the Parties Released or their representatives concerning the nature and extent of injuries, and/or damages, claims by third parties against amounts paid under this Agreement, and/or future medical or non-medical costs or needs, if any, and/or legal liability therefore.

Plaintiffs specifically waive any private cause of action arising under 42 USC § 1395y(b)(3)(A).

## 3. Payments

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

### A. Payments by the Wesley Defendants

In consideration of the release set forth above and subject to a judicial determination that the settlement reached is valid, just and equitable, Health Care Indemnity, Inc. and the Fund, on

behalf of the Wesley Defendants, hereby agree to pay $400,000.00 payable in the following sums in the manner described below.  Settlement monies will be paid pursuant to this agreement and K.S.A. 40-3403 and K.S.A. 40-3407.

Within thirty days (30) after the receipt by the Fund of a file-stamped Order approving the settlement and dismissing the above-named Defendants with Prejudice, and any other required documents Health Care Indemnity, Inc. and the Kansas Health Care Stabilization Fund will pay:

1) Health Care Indemnity, Inc. will pay $200,000 payable to Dugan & Giroux Law, Inc.

2) The Fund will pay $200,000.00 payable to Dugan & Giroux Law, Inc for payment of attorney's fees and expenses and medical liens as described in Section 4, below.

### B. Payments by the Via Christi Defendants

In consideration of the release set forth above and subject to a judicial determination that the settlement reached is valid, just and equitable, The Ascension Health Alliance Self-insured Trust and the Fund, on behalf of the Via Christi Defendants, hereby agree to pay $500,000.00 payable in the following sums in the manner described below.  Settlement monies will be paid pursuant to this agreement and K.S.A. 40-3403 and K.S.A. 40-3407.

Within thirty days (30) after the receipt by the Fund of a file-stamped Order approving the settlement and dismissing the above-named Defendants with Prejudice and any other required documents The Ascension Health Alliance Self-insured Trust and the Kansas Health Care Stabilization Fund will pay:

1) The Ascension Health Alliance Self-insured Trust will pay $200,000 payable to Dugan & Giroux Law, Inc. for payment of attorney's fees, expenses and medical liens as described in Section 4, below.

2) The Fund will pay $248,793.36 payable to **Kelli Morgan and Kevin Morgan, trustees,** for the initial funding of the D.M. Special Needs Trust.

3) The Fund will pay $51,206.64 payable to Dugan & Giroux Law, Inc. for payment of attorney's fees, expenses and medical liens as further described in Section 4, below.

### 4. Medicaid/Medicare Disclosure, Acknowledgement and Release

As a term of this Agreement, the parties have fully considered Medicare's potential interests pursuant to the Medicare Secondary Payer Rules.  In so doing, the undersigned have declared that as of the date this Agreement was signed, D.M. was not Medicare eligible nor within thirty (30) months of becoming Medicare eligible (i.e. was not 65 years of age or older, was not suffering from end stage renal failure or amyotrophic lateral sclerosis, has not been receiving Social Security disability benefits for 24 months or longer, does not have a pending application for Social Security disability determination, and/or has not been denied Social Security

disability benefits and appealed the denial). This affirmation is a material term of this Agreement and without which Defendant would not have agreed to enter this Agreement.

Based on these representations made by Plaintiffs, the parties have determined that Medicare has no interest in any payments made under this Agreement and no reporting is required to Medicare. However, if Medicare (including any agency representing Medicare's interests) later determines that it does have an interest in the payment made to Plaintiffs pursuant to this Agreement, Plaintiffs agree to indemnify, defend and hold Parties Released harmless from any actions by Medicare seeking payment of past, current or future medical expenses for D.M. . Further, Plaintiffs agree they shall be solely liable for any and all actions, causes of action, penalties, claims, costs, services, compensation or the like resulting from any inaccuracy. Plaintiffs acknowledge Medicare may require them to exhaust the entire settlement proceeds on Medicare covered expenses should D.M. become Medicare eligible within thirty (30) months. As such, Plaintiffs have declared that as of the date Plaintiffs sign this agreement, D.M. has not received any Social Security Disability benefits. Plaintiffs further agree that D.M. will not apply for any Social Security disability programs within the next 30 months. Plaintiffs shall also hold Parties Released harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare or Medicaid benefits to the extent D.M. would have been entitled to those benefits absent this settlement.

Plaintiffs agree to waive any and all future actions against Defendants that pertain to Medicare including, but not limited to, any private cause of action for damages pursuant to 42 U.S.C. section 1395y(b)(3)(A) et seq.

In furtherance of Plaintiffs' independent legal obligation to satisfy any valid lien, Plaintiffs and their counsel represent they have:

A. Agreed to settle a claim asserted by the Colorado Department for Health Care Policy and Financing (Colorado Medicaid) for the amount of $60,000.00.
    i. Such lien will be satisfied by Plaintiffs' counsel out of the proceeds of the settlement funds, which will be payable to Plaintiffs' counsel as outlined in Section 3 above; and

B. Agreed to settle a claim asserted by Conduent Payment Integrity Solutions (Conduent) for the amount of $43,148.94. Conduent was retained to pursue recovery of medical expenses on behalf of Cigna, Case ID 22012263.
    i. Such lien will be satisfied by Plaintiffs' counsel out of the proceeds of the settlement funds, which will be payable to Plaintiffs' counsel as outlined in Section 3 above; and

C. Agreed to settle a claim asserted by The Rawlings Company for the amount of $60,000.00. The Rawlings Company was retained to pursue recovery of medical expenses on behalf of Aetna, Reference No. 79234459.
    i. Such lien will be satisfied by Plaintiffs' counsel out of the proceeds of the settlement funds, which will be payable to Plaintiffs' counsel as outlined in Section 3 above; and

Plaintiffs represent and warrant that D.M. is a Medicaid beneficiary. As a beneficiary, plaintiffs acknowledge they have considered Medicaid's interests in accordance with applicable law and are responsible for identifying any existing Medicaid claims or conditional payments relating to the injury that is the subject of this settlement and for advising Parties Released of the amount of any such liens of conditional payments. The Plaintiffs expressly acknowledge that they have an independent legal obligation to satisfy any Medicaid lien, claim or interest.

## 5. Indemnification and Hold Harmless

The undersigned expressly acknowledges they have an independent legal obligation to satisfy any valid lien, claim, or interest that any third party may have in proceeds of this settlement, which the undersigned herein agree is the sole and separate obligation of the undersigned. Undersigned agrees: (1) to assume all responsibility to timely satisfy any lien, claim, or interest that any third party may have in proceeds of this settlement; and (2) that they will forthwith satisfy any such lien, claim, or interest without further action from the Parties Released.

In the defense of an action to enforce a lien, the undersigned covenants to defend, indemnify and hold harmless the Parties Released, including all costs and attorney's fees incurred in the defense of such claims.  .

## 6. Warranty of Capacity to Execute Agreement

Plaintiffs warrant that no other person or entity has or has had any interest in the claims or causes of action referred to in this Agreement and that Plaintiffs have the sole right and exclusive authority to execute this Agreement and receive the sum specified in it.  Plaintiffs shall defend and indemnify the Parties Released should any other person claim to have an interest in the claims and injuries described in this Agreement.

## 7. Confidentiality

Plaintiffs agree that as part of the consideration for the sums payable under Sections 3(A) and 3(B) of this Agreement, the terms of this settlement and all negotiations concerning this settlement shall be and will remain absolutely confidential and shall not be disclosed by Plaintiffs, by Plaintiffs' family, by Plaintiffs' attorneys or any members or employees of the attorney's firm, to any person, firm, corporation, entity, media or the internet, except to lien holders (Colorado Medicaid, Rawlings & Company and Conduent) for the sole purpose of negotiating liens, financial advisors, attorneys or accountants, if any, or as otherwise directed or required by law.  If asked how the case was concluded, Plaintiffs' family, Plaintiffs' attorneys or any members or employees of the attorney's firm shall respond by saying that "the matter has been resolved."  Plaintiffs agree that the names or identities of the Parties Released and the sums payable shall not be disclosed unless required by law. This Agreement does not apply to preclude the Parties Released from making any disclosure required by law or as part of any application for accreditation, participation in health insurance plans, or professional liability insurance, nor does it preclude the Fund from making disclosure as required by law.

In the event the Kansas District Court or any other individual or entity outside of the Plaintiffs' family, Plaintiffs' attorneys or any members or employees of the attorney's firm or the Parties Released, makes information about this settlement, or the amounts paid by the Parties Released, public or responds to appropriate legal inquires by disclosing amounts paid, the above obligations for Plaintiffs' family, Plaintiffs' attorneys or any members or employees of the attorney's firm to continue to abide by such confidentiality requirements this provision remain intact and do not grant any of the parties herein or their representatives or agents herein the right to speak or write to the media or speak or write publicly about this settlement Agreement, to post online about the settlement Agreement or the court's order approving the Agreement and/or settlement nor to orally or in writing state any information which could be considered disparaging of any of the parties to this agreement (excluding court testimony under oath required for continuation of the lawsuit against the remaining defendants).

## 8. Governing Law

This Agreement shall be construed and interpreted according to the laws of the State of Kansas.

## 9. Delivery of Dismissal with Prejudice

Concurrently with the execution of this Agreement, counsel for Plaintiffs have delivered to counsel for the Defendants an executed Dismissal with Prejudice of the Action applicable to Wesley Medical Center, Lisa Judd, Via Christi Health Systems d/b/a Via Christi-St. Francis, and Aaron Kent. Plaintiffs have authorized their attorneys to execute this Dismissal on their behalf and hereby authorizes counsel for Defendants to submit said Dismissal to the Court for approval and in the form ultimately approved by the Court, to file and enter it as a matter of record.

Plaintiffs represent that Plaintiffs will receive court approval to enter into this Agreement and for obtaining dismissal, with prejudice, of the above-described claim.

## 10. Denial of Liability

This Agreement expresses a compromise of disputed claims and constitutes a full and complete settlement of the Released Claims. Liability and responsibility for the Released Claims is expressly denied by the Parties Released. Regardless of the adequacy of the above consideration, the acceptance or existence of this Agreement shall not operate as an admission of any wrongdoing or liability on the part of the Parties Released.

## 11. Costs

The parties agree to bear their own fees, costs and expenses.

## 12. Entire Agreement

This Agreement contains the entire agreement by the undersigned related to the Released Claims and there are no other understandings, either written or oral, which affect the terms hereof.

This Agreement shall be binding on any actual and any possible heirs, executors, administrators, and assigns of the undersigned.  This Agreement may not be modified unless mutually agreed upon in writing between the Parties Released and the undersigned.

PLAINTIFFS HAVE COMPLETELY READ THIS AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE INCIDENTS, INJURIES, OR DAMAGES ABOVE MENTIONED.

PLAINTIFFS RECOGNIZE THAT THE FUTURE COURSE OF PRESENT INJURY OR OTHER DAMAGES CANNOT BE PREDICTED WITH CERTAINTY.  PLAINTIFFS ASSUME THE RISK THAT THE CLAIMED INJURIES OR DAMAGES MAY WORSEN IN THE FUTURE AND THAT NEW INJURIES OR DAMAGES MAY DEVELOP. PLAINTIFFS ACKNOWLEDGE THAT INFORMATION REGARDING CLAIMS MADE IS SUFFICIENT TO ENTER INTO THIS AGREEMENT AND EXPRESSLY WAIVES ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

PLAINTIFFS RECOGNIZE AND UNDERSTAND THAT BECAUSE OF THIS SETTLEMENT, MEDICARE OR OTHER HEALTHCARE INSURERS OR PAYERS MAY REFUSE TO PAY FOR FUTURE MEDICAL CARE FOR THE CLAIMED INJURIES, AND THAT ANY SUCH REFUSAL IN NO WAY AFFECTS OR MODIFIES THE TERMS OF THIS AGREEMENT.

[SIGNATURE PAGES TO FOLLOW]

DATED THIS 21 day of May, 2020.

_____
KELLI LINN MORGAN, as natural mother
And next friend of D.M., a minor

STATE OF ~~KANSAS~~ COLORADO, COUNTY OF ~~SEDGWICK~~ BOULDER, ss:

BE IT REMEMBERED, that on this 21st day of May, 2020, before me, the undersigned, a Notary Public in and for the county and stated aforesaid, came KELLI LINN MORGAN, who is personally known to me to be the same person who signed the above document and said person duly acknowledged the execution of the same and swore to the same in my presence. by audio-video technology.

_____
Notary Public

My appointment expires:

3/23/2021

BRANDON FIELDS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094009956
MY COMMISSION EXPIRES MARCH 23, 2021

DATED THIS 21 day of May, 2020.

_____
KEVIN RALPH MORGAN, as natural father
And next friend of D.M., a minor

STATE OF ~~KANSAS~~ COLORADO, COUNTY OF ~~SEDGWICK~~ BOULDER, ss:

BE IT REMEMBERED, that on this 21st day of May, 2020, before me, the undersigned, a Notary Public in and for the county and stated aforesaid, came KEVIN RALPH MORGAN, who is personally known to me to be the same person who signed the above document and said person duly acknowledged the execution of the same and swore to the same in my presence. by audio-video technology.

_____
Notary Public

My appointment expires:

3/23/2021

BRANDON FIELDS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094009956
MY COMMISSION EXPIRES MARCH 23, 2021

The undersigned, attorney for Plaintiffs, in connection with the matters and things set forth in the foregoing Agreement, hereby:

1. Approves the form of this Agreement;

2. Guarantees that the signatures to this Agreement are the signature of the Plaintiffs in this Action and the individuals named in this Agreement;

3. Agrees, as part of the consideration for the settlement and the inclusion of Plaintiffs' attorney as payee on the settlement draft, to pay out of the settlement proceeds or otherwise resolve all known, unknown, asserted, unasserted, present, future, direct or indirect Medicare or Medicaid interests, rights, claims, or liens and any and all other liens, interests, and subrogation claims in conjunction with the claimed injuries and damages such that the Parties Released shall have no liability for such claims.

4. Agrees, as part of the consideration for the settlement of this Action and the inclusion of Plaintiff's attorney as payee on the settlement draft, to be bound by the terms of Paragraph 17 of this Agreement (relating to confidentiality) as though signing this Agreement as a releasing and indemnifying party.

DATED THIS 21st day of May, 2020.

ATTORNEYS FOR PLAINITFFS:

By: /s/ Daniel Giroux
DUGAN & GIROUX LAW, INC.
Daniel Giroux, SCID 19375
3636 N. Ridge Rd., Suite 100
Wichita, Kansas 67205
P. 316-721-5500 F. 316-722-7510
dan@dgwichitalaw.com

By: /s/ Stephen Torline
KUCKELMAN TORLINE KIRKLAND
Stephen Torline KS #18292
Michael J. Kuckelman KS #14587
Benjamin T. Friesen KS#26655
10740 Nall, Suite 250
Overland Park, Kansas 66211
Direct dial: 913-948-8615
Fax: 913-948-8611
storline@ktk-law.com
mkuckelman@ktk-law.com
bfriesen@ktk-law.com