**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| D.M., a minor by and through his next friend and natural guardian, KELLI MORGAN, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 18-2158-KHV |
| ) | |
| WESLEY MEDICAL CENTER, LLC d/b/a WESLEY MEDICAL CENTER-WOODLAWN, et al., ) ) ) | |
| ) | |
| Defendants. ) ) | |

**AMENDED ORDER OF APPOINTMENT**

On January 6, 2021, in light of the necessary COVID-19 precautions, the Court ordered that the trial set for February 16, 2021 be held by Zoom or a hybrid combination of live and remote participation by counsel, parties and witnesses. Order And Order To Show Cause (Doc. #531). On January 7, 2020, the Court entered an Order To Show Cause (Doc. #532) noting the complex and technical nature of trials by Zoom or a hybrid combination of live and remote participation. Accordingly, the Court proposed the appointment of a Special Master to perform technical responsibilities attendant to the use of the Zoom platform before and throughout trial and post-trial proceedings. The Court directed the parties to show cause why the Court should not appoint a Special Master to work with the Court to manage, administer and oversee the trial's Zoom account and other technological aspects of the trial related to Zoom. The Court also requested that the parties provide suggestions regarding person(s) to be named as a Special Master and any proposed allocation of compensation of the Special Master.

In response, plaintiff and defendants did not object to the appointment of a Special Master.

See Doc. # 542; Doc. #543.  Plaintiff suggested the Court appoint Christian Tiedemann, Founding Partner of Prolumina, as Special Master given (1) his experience in trial management via Zoom since the emergence of the COVID-19 pandemic and (2) the security measures Prolumina uses to ensure a secure trial.  Plaintiff's Response To Order To Show Cause (Doc. #542).

On January 12, 2021, the Court ordered that the parties show cause in writing why Christian Tiedemann and/or Prolumina should not be appointed Special Master.  Order To Show Cause (Doc. #545).  The Court also ordered that (1) the parties confirm the availability of Mr. Tiedemann and any conflicts that may preclude him from serving in this role and (2) the cost of the Special Master be split in equal parts among the parties that by February 1, 2021 fail to notify the Court that they have settled.  Id.

On January 14, 2021, the parties filed a joint response stating that no party objected to the Court's appointment of Mr. Tiedemann of Prolumina as Special Master to perform technical responsibilities attendant to the use of the Zoom platform before and throughout trial and post-trial proceedings.  All Parties' Response To Court's Show Cause Order Regarding Appointment Of Christian Tiedemann And/Or Prolumina As Special Master (Doc. #548).  The parties also attached Mr. Tiedemann's fee schedule.  Prolumina Remote Testimony Services (Doc. #548-3).

**I.   Appointment Of Special Master**

The Court now appoints as Special Master Christian Tiedemann, of the company Prolumina:

> Christian Tiedemann
> Prolumina
> 2200 Sixth Avenue, Suite 425
> Seattle, WA 98121
> 206-826-9943 tel
> E-Mail: ctiedemann@prolumina.net

This appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the

Court.  As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment, and orders the Special Master to "proceed with all reasonable diligence."  Rule 53(b)(2).

## II.     Rule 53(b)(2)

Rule 53 requires an order of appointment to include certain contents.  See Fed. R. Civ. P. 53(b)(2).  The following discussion sets forth the matters required.

### A.     Special Master's Duties

Rule 53(a)(1)(A) states that the Court may appoint a Special Master to "perform duties consented to by the parties."  As indicated in the Order To Show Cause (Doc. #542), the Special Master's duties shall be as follows:[1]

- Managing, administering and overseeing the trial's Zoom account and other technological aspects of the trial related to Zoom.

- Constant monitoring of the Zoom platform throughout its utilization during trial.

- Maintaining technical and administrative control over the Court's Zoom account in coordination with judicial personnel, at the Court's discretion.

### B.     Communications With The Parties And The Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the [Special Master] may communicate ex parte with the court or a party."  The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate matters associated with managing, administering and overseeing the trial's Zoom account and other technological aspects of the trial related to Zoom.  The Special Master may communicate ex parte

---

[1] This list is meant to be illustrative, not comprehensive.  The Court may amend this Order to add additional duties related to Zoom and other technological aspects of the trial.

with any party or their counsel, as the Special Master deems appropriate, for the purposes of ensuring the efficient administration, management and oversight of the trial's Zoom account and other technological aspects of the trial related to Zoom. The Special Master shall not communicate to the Court any substantive matter the Special Master learned during an ex parte communication between the Special Master and any party.

### C. Special Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Special Master's] activities." The Special Master shall maintain normal billing records of his time spent on this matter, in order to calculate the appropriate compensation based on his hourly rate.

### D. Compensation

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Special Master's] compensation." See also Rule 53(g) (addressing compensation). The Special Master shall be compensated at his current rate of $175 per hour, with this cost split in equal parts among the parties that by February 1, 2021 fail to notify the Court that they have settled. See Order To Show Cause (Doc. #545); Prolumina Remote Testimony Services (Doc. #548-3). If all parties settle by February 1, 2021, the costs and expenses shall be equally shared by all parties who did not notify the Court by January 1, 2021 that they had settled. The Special Master also shall be compensated for the following:

- Pre-trial logistics and coordination, including preparation for and participation in the January 28, 2021 mock trial, to be compensated at Jury Trial Remote Technical Support rates per person. See Prolumina Remote Testimony Services (Doc. #548-3).

- All direct and necessary travel costs, at cost with no markup and with travel time billed door-to-door, including:
  - Transportation to/from originating airport or parking at originating airport

- Fully refundable airfare
- Rental car
- Hotel
- Per diem of $75 per person
- Any other reasonable and necessary travel-related costs

Three business days after the 1st and 15th of each month, the Special Master shall submit a billing statement capturing all costs, fees, expenses and hours to the Court for approval. The Special Master shall provide copies of all receipts and expenses along with each billing statement submission. The billing statement shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines that the statement is regular and reasonable, the Court will sign it and transmit it to the remaining parties. The parties shall then remit to the Special Master their proportionate share of any Court-approved amount, within 20 calendar days of Court approval.

### E.  Other Matters

#### 1.  Affidavit

Rule 53(b)(3)(A) notes that the Court may enter an order of appointment "only after the [Special Master] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." See also Rule 53(a)(2) (discussing grounds for disqualification). The required affidavit has been filed. See Affidavit Of Christian Tiedemann (Doc. #551-1).

#### 2.  Cooperation

The parties and their counsel, including their successors in office, agents and employees, shall provide full cooperation to the Special Master, and any staff or consultant employed by the Special Master. Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt

-6-

sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master (and those working at his direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

### 3. Access To Information And Technology

The parties will make readily available to the Special Master any and all individuals, information and technology under their control necessary to fulfill the Special Master's functions under this Order.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge