IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor by and through his next friend and natural guardian, KELLI MORGAN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WESLEY MEDICAL CENTER, LLC d/b/a  )<br>WESLEY MEDICAL  )<br>CENTER-WOODLAWN, et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br><br>No. 18-2158-KHV |

**MEMORANDUM AND ORDER**

On January 27, 2021, Dr. Gregory Faimon filed a Motion For Judgment On The Pleadings (Doc. #568). Dr. Faimon asserts that he is entitled to judgment on plaintiff's medical malpractice claims because he did not owe plaintiff a duty of care under K.S.A. § 40-3404(h) or the Physician Assistant Licensure Act, K.S.A. § 65-28a01, et seq. See generally Defendant Faimon's Memorandum In Support Of His Motion For Judgment On The Pleadings (Doc. #569). This matter is before the Court on plaintiff's Motion To Strike Defendant Faimon's Motion For Judgment On The Pleadings As Untimely (Doc. #574), filed January 28, 2021. For the reasons stated below, the Court sustains plaintiff's motion to strike and in the alternative, overrules defendant's motion for judgment on the pleadings.

The Federal Rules permit a party to move for judgment on the pleadings "after the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(i) further provides that "[a] motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). With trial set to begin on February 16, 2021,

-2-

Dr. Faimon's motion cannot be heard and decided before trial because both plaintiff's response and Dr. Faimon's reply would be due after the trial start date.  Moreover, according to the Pretrial Order (Doc. #435), filed May 4, 2020, the dispositive motion deadline was May 15, 2020.  This deadline has been in place since the Court's minute entry order of March 23, 2020, yet Dr. Faimon filed his motion more than eight months after the dispositive motion deadline.

Even if Dr. Faimon's motion was timely, his arguments are identical to those presented in his motion for summary judgment, which the Court overruled on September 22, 2020.  See Motion For Summary Judgment For Defendant Dr. Gregory Faimon (Doc. #440); Memorandum And Order (Doc. #511) at 10–12.  As the Court previously stated, as supervising physician to physician assistant Bridget Grover, Dr. Faimon had the duty in question.  K.S.A. § 65-28a02(5) (doctor has duty to supervise physician assistant and "accept responsibility for the medical services rendered").  Because Grover's medical treatment of plaintiff was completely dependent on Dr. Faimon's supervision and authorization, Dr. Faimon had a statutory duty to adequately supervise Grover and approve her treatment of plaintiff.  Memorandum And Order (Doc. #511) at 12.

**IT IS THEREFORE ORDERED** that the Motion To Strike Defendant Faimon's Motion For Judgment On The Pleadings As Untimely (Doc. #574), filed January 28, 2021 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Faimon's Motion For Judgment On The Pleadings (Doc. #568), filed January 27, 2021 is **OVERRULED**.

Dated this 28th day of January, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge