## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| D.M., a minor by and through his next friend and natural guardian, KELLI MORGAN, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 18-2158-KHV |
| WESLEY MEDICAL CENTER, LLC d/b/a WESLEY MEDICAL CENTER-WOODLAWN, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER FOR REMOTE CIVIL JURY TRIAL

The Court orders that the jury trial scheduled to commence on February 16, 2021 at 9:00 a.m., be conducted using the following procedures and protocols.  The Final Pretrial Conference will still take place by Zoom at 10:30 a.m. on February 12, 2021.  The dry run of trial proceedings will now take place at 1:30 p.m. on February 10, 2021.  All parties (counsel, plaintiff, defendants) are to participate from the locations in which they will be stationed during the trial.  In addition, each party is to provide six additional mock jurors and a mock witness.  We will begin with calling the case and entry of appearances then run through jury selection and evidence presentation. Parties shall have test exhibits in the same format that they plan to use during trial ready to pull up and be shared over the Zoom platform.

A.      **Remote / Virtual Trial Format**

1.  The entire trial, including jury deliberations, will take place using the ZoomGov.com platform.  No parties, counsel, witnesses, jurors or court staff will be physically present in the courthouse.  The Court will initially call a jury pool of 40 jurors and question them in panels of ten potential jurors.  For each panel of

jurors, each attorney will have one round of ten minutes to examine the panel.  After questioning by the Court and counsel, the parties shall lodge any challenges for cause.  If such a challenge is sustained, the new potential juror will be added to the next panel and the qualified jurors will be temporarily returned to a virtual waiting room.

2. The public will have audio to trial proceedings by calling (888) 363-4749, Access Code: 1654737.  Video access, except to participants, is not allowed.

3. The Court expects that witnesses and counsel addressing the Court will use a computer with an adequate camera and an external hardwired microphone with its own mute button, preferably a gooseneck microphone.  If witnesses and counsel addressing the Court decide to use headphones, they shall use a hardwired headset or wired earbuds.  The Court also strongly recommends, but does not require, using a second monitor.

4. At all times when addressing the Court, counsel shall stand and shall be the only person visible in the Zoom frame.

5. Witnesses for all parties and counsel shall use the same uniform virtual background, which the Court will select.  Witnesses shall stand when taking the oath.  After jury selection, the Court will also assign uniform backgrounds to all jurors.

6. Hours of jury trial will be 9:00 a.m. through 3:30 p.m., and the Court expects counsel to make maximum use of the jury's time during the trial day.  From 3:30 to 4:00 p.m. each day, the Court will confer with counsel about witnesses planned for the next trial day and take up objections to testimony or exhibits that the parties plan to offer.  The Court expects that the parties will take maximum use of this opportunity to avoid objections and sidebars when the jury is present.  The Court will recess for lunch from noon to 1:00 p.m. each day, and take one 15-minute recess at 10:00 a.m.

7. Counsel and parties must be logged into Zoom and standing by in the waiting room

30 minutes before trial is set to begin on each day of trial.  The Special Master will promptly launch the trial session at the appointed time, and tardiness will be extremely conspicuous.

8. Given the reduced number of parties and the shorter length of trial, bifurcation is likely to result in substantially less benefit than the Court previously anticipated. Therefore the bifurcation order is vacated.

9. Counsel shall each have 25 minutes for opening statements.  Opening statements will occur immediately after the jury is selected and receives preliminary instructions, if time permits.  Counsel should not expect an overnight recess in order to put finishing touches on their opening statements.

10. Each side shall have three peremptory challenges.

11. As the evidentiary phase of the trial is wrapping up, probably before it ends, the Court will conduct a jury instruction conference.  Instructions will be finalized in advance so that whenever the evidence concludes, the Court may move directly to instructing the jury.  After the jury is instructed, counsel will immediately do closing arguments.  Counsel should not expect to have an overnight recess to put finishing touches on their closing arguments.

12. The Court expects the parties to meet and confer with regard to objections to deposition testimony, and to exert every effort to resolve such objections prior to trial.

13. All stipulated trial exhibits which have been identified prior to trial and submitted to the Courtroom Deputy are deemed to be automatically admitted when mentioned by any witness during trial.

14. Before 5:00 p.m. on each Friday, counsel shall notify opposing counsel of the order in which they plan to call witnesses for the following week, along with the exhibits that each witness will discuss.  As noted below, hard copies of such exhibits shall be presented to the witness before his or her testimony begins.

15. No demonstrative exhibits (charts, power point slides, models, etc.) shall be used in opening statements without agreement of opposing counsel or prior approval of the Court.

16. Before the presentation of evidence, the Court will give the jury preliminary instructions, including preliminary instructions on the law that it will apply on the substantive elements of all claims and defenses.

**B.    Preparation**

1. Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the tutorials located at https://www.wawd.uscourts.gov/attorneys/remotehearings. Counsel shall also familiarize themselves with the Special Master's best practices.

2. Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth and Internet access required to participate remotely. The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

3. Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (e.g., by cellular phone, text and email).

4. Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection).  Counsel shall also consider whether others who require Internet usage during the proceedings might impact a participant's connection speed.

5. No later than **5:00 p.m. (CST) on Thursday, February 11, 2021**, parties and counsel must perform a technology check on their team for all trial participants. Counsel are responsible for contacting the Special Master to perform the technology check.

C.      **Recording**

1.   The Court will provide a court reporter for the trial.  No part of the trial may be reproduced, distributed or transmitted in any form or by any means, in whole or in part, by any participant (attorney, party, witness or juror) or public observer.  This prohibition includes any audio or video recording, photographs and/or screenshots. The parties and counsel shall ensure that each trial participant for which they are responsible acknowledges and agrees to this prohibition.

D.      **Witnesses And Participants**

1.   By no later than **3:00 p.m. on Friday, February 5, 2021,** counsel shall provide via email to (1) the Courtroom Deputy Andrea Schreyer (phone: 913-735-2305; email: KSD_Vratil_Chambers@ksd.uscourts.gov)   and   (2)   the   Special   Master   the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

- Name
- Email address
- Cell number
- Participant status (e.g., party, attorney, witness, etc.), including whether the participant should be allowed to participate in sidebar discussions

2.   Prior to trial, the Courtroom Deputy will supply to counsel the links for the ZoomGov.com sessions.  Counsel shall forward the links to other case-related participants, including witnesses, as appropriate.  Non case-related participants (e.g., insurance representatives, relatives of the parties, interested persons) may NOT receive links to the ZoomGov.com sessions.  Members of the public may participate ONLY via the phone number listed above.  On the Friday before each week of trial, the Court will supply the ZoomGov.com link to be used throughout the upcoming week.

3.   After using the link to access the ZoomGov.com session, participants will enter a

virtual waiting room.  They will be admitted from the virtual waiting room into the virtual courtroom when appropriate.  Counsel are responsible for notifying witnesses when and how they will report to the virtual waiting room.  Witnesses shall report to the virtual waiting room no less than thirty minutes before their anticipated testimony time.

4. Participants who will not be examining witnesses, testifying or otherwise presenting matters during the proceedings (e.g., attorneys, paralegals, legal assistants, and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

5. During the virtual trial, each party and all jurors will be visible on video with microphones muted.

6. Except through ZoomGov.com, counsel and the witness are not to communicate through any device or method while the witness is testifying.   Counsel and the witness may not be in the same room.

7. By no later than **10:00 p.m. each evening of trial,** for Zoom admittance purposes counsel shall provide via email to (1) the Courtroom Deputy Andrea Schreyer (phone:  913-735-2305;  email:  KSD_Vratil_Chambers@ksd.uscourts.gov)  and (2) the Special Master Robert Ferguson (cell: 469-559-5568; email: rferguson@prolumina.net) a list of witnesses expected to be called the following day.

E. <u>**Exhibits**</u>

1. Exhibits have been numbered in advance of trial in accordance with the protocol set forth in the <u>Second Order Setting Status Conference And Pretrial Filing Deadlines</u> (Doc. #529).

2. An online repository will be used to manage exhibits.  Further instructions will be forthcoming regarding management responsibilities.

3. Counsel are responsible for keeping accurate records of what has been admitted.

At the end of each day of trial, the Courtroom Deputy and counsel will meet and confer to confirm the record of admitted exhibits.  After the close of evidence and before the jury begins deliberating, the Courtroom Deputy and counsel will meet and confer to confirm that an "Admitted Exhibits" folder in Box.com accurately reflects the evidence admitted during the course of trial.  During their deliberations, the jurors will be provided access to the Box.com folder for "Admitted Exhibits."

4.  The Court does not need hard copies of stipulated exhibits, but hard copies of all other exhibits shall be delivered to the Courtroom Deputy, Andrea Schreyer, at 500 State Avenue, Kansas City, KS 66101 by **5:00 p.m. on Wednesday, February 10, 2021**.  These exhibits shall be bound in three-ring notebooks and appropriately tabbed by exhibit number.

5.  While testifying, each witness shall have available a physical copy of any exhibit that he or she will be expected to use or examine during the trial.  The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel.  With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings outside the presence of the jury during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue.  To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.  Counsel are responsible for alerting the Court of potential issues sufficiently in advance to permit such rulings.

6.  The use of exhibits for impeachment purposes is permitted only through the following method: The parties shall deliver paper copies of exhibits intended solely for impeachment purposes in a sealed envelope to the witness before trial.  The parties shall instruct the witness (1) to not open the envelope and (2) to have the sealed envelope readily accessible when testifying remotely through Zoom.  During

trial, if examining counsel wants the witness to reference an exhibit for impeachment purposes, the witness shall be instructed to open the sealed envelope live on Zoom. The witness may then access the exhibits.

7. Video depositions that are used as substantive evidence shall be broadcast via ZoomGov.com using the screen-sharing function. If video depositions are uploaded to Box.com, the recordings will not be transferred to the "Admitted Exhibits" folder. Transcripts of depositions used during the trial for impeachment or as substantive evidence need not be sealed prior to their use. Counsel may either show the portion of the transcript at issue to the witness using the screen-sharing function in ZoomGov.com or transmit the entire transcript to the witness via mail, email or otherwise in advance of his or her testimony. The court reporter will not take down deposition testimony that is read or played throughout the course of trial. Pursuant to local rules, counsel shall file a notice containing the portions of deposition testimony that are used. If exhibits are mentioned in deposition testimony that have not yet been admitted, counsel must seek admission in open court before playing the video, and counsel are responsible for screensharing through ZoomGov.com.

8. If a program or platform other than Box.com will be used to publish exhibits to the jury, then counsel shall file, prior to the first day of trial, a certification signed under penalty of perjury indicating that the exhibits to be displayed to the jury using the other program or platform are identical to the exhibits uploaded into the folders on Box.com. The parties may use trial presentation technology to present exhibits through the screen share function in ZoomGov.com.

**F.**   **Jurors**

1. The Court will allow the jury to take notes to help them remember the evidence.

2. Using the "chat" function in ZoomGov.com, the jury will be allowed to propose written questions to witnesses after counsel have completed their questioning of

each witness.  Before the Court excuses a witness, it will offer the jury the chance to write questions in the "chat" feature in ZoomGov.com.  The Court will review any question with the attorneys at sidebar to determine if it is legally proper, but will not identify the juror or jurors who have posed the question.  If the Court allows the question (either verbatim or reworded), it may ask the question or allow counsel to do so.  Counsel will be allowed to ask follow-up questions.

3. Those exhibits received in evidence will be provided to the jury on the "Box" platform, and the jury will be able to view them in the virtual jury room.  The Courtroom Deputy will show the jury how to use the "Box" platform and how to locate and view the exhibits.  If a technical problem requires instruction during deliberations, the Courtroom Deputy may enter the virtual jury room to help with technology or, if assistance from the Special Master is required, for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the Courtroom Deputy or the Special Master is in the virtual jury room, the jury shall not deliberate.  No juror may say anything to the Courtroom Deputy or the Special Master other than to describe the technical problems or to seek information about operation of the "Box" platform.

G. **Professionalism During The Trial**

1. **Ambient Noise Protocols**:

   a. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall use the ZoomGov.com platform controls to mute their microphone and deactivate their video cameras.   The Special Master, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol.

   b. Participants using multiple devices in a single workspace to access the trial

should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

2. **Courtesy And Decorum**:  To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  They should avoid interrupting someone who is speaking, except as necessary to raise an objection.  Virtual trial participants must silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings.  The Court understands that conducting trial virtually, from one's home, for example, presents many challenges.  The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3. **Objections**:  Counsel should raise their hand to signal an objection.  When an objection is made, the witness shall stop talking until the Court rules on the objection.  If the objection requires a discussion outside the presence of the jury, the jurors will be placed in the virtual jury room.

4. **Disconnection**:  In the event that the Court, a party, an attorney of record, a witness, a juror or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop until the connection is reestablished.  If the participant has difficulty reconnecting, he or she should call or text the Special Master.  In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that the alternative means of communication (e.g., a cellular phone) is operational.

5. **Appropriate Dress**:  Parties, witnesses and counsel shall dress in the same manner as they would if they physically appeared in a courtroom.

-10-

6. **Screen Names**:   All remote participants shall use a screen name in the ZoomGov.com platform that indicates their actual first and last names and role in the trial proceedings.  As "host," the Special Master will rename any participant whose screen name is incomplete, confusing, unprofessional or otherwise improper.  The number of characters is limited, so the following naming convention is required:

- {First Initial}{Last Name} (Role),  **ex. J. Austen (Pla)**
- **Defendants: {**First Initial}{Last Name} (Role–Defendant's Last Name), **ex. J. Austen (Def Aty–Smith)**

a.      Abbreviations for Role:

  i. **Pla** for Plaintiff

  ii. **Def** for Defendant

  iii. **Pla Rep** for Plaintiff's Representative

  iv. **Def Rep** for Defendant's Representative

  v. **Pla Aty** for Plaintiff's Attorney

  vi. **Def Aty** for Defendant's Attorney

  vii. **Witn** for Witness

**IT IS SO ORDERED.**

Dated this 4th day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge