IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 18-2158-KHV |
| BRIDGET GROVER, PA-C; DR. GREGORY FAIMON; and DR. BALA BHASKAR REDDY BHIMAVARAPU, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This matter comes before the Court on Defendant Grover's Motion *In Limine* To Exclude Evidence Of Her Facebook Post (Doc. #581) filed January 28, 2021. Specifically, defendant seeks an order that prevents plaintiff from attempting to introduce evidence of the Facebook post as propensity evidence under Rule 404(b); evidence that she acted with wanton, willful, outrageous or reckless disregard for the consequences; or for "any other reason." Defendant also argues that under Rule 403, Fed. R. Evid., the evidence should be excluded because its prejudicial effect substantially outweighs any probative value.[1]

The record on this motion does not suggest that plaintiff will seek to use the Facebook post as propensity evidence to prove that defendant has a "rude, dismissive, and malicious character to

---

[1] Defendant's motion (Doc. #581) appears to have been cut and pasted from Defendant Grover's Motion *In Limine* To [sic] Evidence Of Her 2009 Kansas Board Of Healing Arts Violation (Doc. #583) filed January 28, 2021. Accordingly, the Court draws these arguments from Defendant Grover's Memorandum In Support Of Her Motion *In Limine* To Exclude Evidence Of Her Facebook Post (Doc. #582) filed January 28, 2021.

show that she acted rudely, dismissively, and maliciously in her care and treatment of D.M." Memorandum In Support Of Motion *In Limine* (Doc. #582) at 7.  This aspect of defendant's motion is therefore moot.

For reasons which plaintiff well states in his suggestions in opposition to this motion, the Facebook evidence is highly relevant because it speaks squarely to defendant's state of mind as a health care provider because as an adoptive admission, it corroborates plaintiff's claim for punitive damages.  Defendant's arguments to the contrary communicate a mix of tunnel vision and wishful thinking with regard to the punitive damage claim, and are ultimately unpersuasive.  The evidence may be prejudicial, but not unfairly so, given its highly probative nature.  Therefore, Rule 403 does not preclude the Facebook post from being received into evidence.

Defendant's argument that Rule 405(b) does not allow plaintiff to use the Facebook post is likewise without merit.  As noted above, plaintiff does not seem to be arguing that punitive damages are warranted because of defendant's character or character traits.  Accordingly, this aspect of defendant's argument is moot.

Finally, the Court must reject defendant's generic argument that general rules of relevancy prohibit "any other use" of the Facebook post.  Under Rule 801(b)(2), the Facebook post is a prior out-of-court statement by a party.  Assuming that defendant testifies and is subject to cross-examination, plaintiff may use the Facebook statement against her for purposes of impeachment.

**IT IS THEREFORE ORDERED** that Defendant Grover's Motion *In Limine* To Exclude Evidence Of Her Facebook Post (Doc. #581) filed January 28, 2021 be and hereby is **OVERRULED**.

Dated this 8th day of February, 2021 at Kansas City, Kansas.

                                                            <u>s/ Kathryn H. Vratil</u>
                                                            KATHRYN H. VRATIL
                                                            United States District Judge