## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| D.M., a minor, by and through his next<br>friend and natural guardian,<br>KELLI MORGAN, | ) <br> ) <br> ) <br> ) | | |
| Plaintiff, | ) | CIVIL ACTION | |
| v. | ) | | |
| | ) | No. 18-2158-KHV | |
| BRIDGET GROVER, PA-C;<br>DR. GREGORY FAIMON; and<br>DR. BALA BHASKAR REDDY<br>BHIMAVARAPU, | ) <br> ) <br> ) <br> ) <br> ) | | |
| Defendants. | ) | | |
| _____ | ) | | |

## ORDER

This matter comes before the Court on Defendant Grover's Motion *In Limine* To [sic] Evidence Of Her 2009 Kansas Board Of Healing Arts Violation (Doc. #583) filed January 28, 2021.  Specifically, defendant seeks an order that prevents plaintiff from introducing evidence of the Board's finding that defendant violated K.S.A § 65-2836(q) by committing fraud in applying for a renewal of her Physicians Assistant license.  Defendant argues that the Board's finding is not propensity evidence or otherwise admissible under Rule 404(b), Fed. R. Evid.; that plaintiff cannot use extrinsic evidence of the violation to impeach defendant's character; and that the evidence cannot be used to attack her character for truthfulness or to show that she acted with wanton, willful, outrageous or reckless disregard for the consequences or for "any other reason."

Plaintiff responds that he only intends to use the Board finding for impeachment purposes under Rule 608(b), Fed. R. Evid.  Accordingly, the Court does not need to address defendant's remaining arguments.

Under Rule 608(b), on cross-examination, the court may allow inquiry into specific instances of a witness's conduct in order to attack or support the witness's character for

truthfulness.  The Rule prohibits extrinsic evidence of the witness's conduct when the sole reason for proffering that evidence is to attack or support the witness's character for truthfulness.  <u>See</u> <u>United States v. Abel</u>, 469 U.S. 45 (1984); <u>United States v. Fusco</u>, 748 F.2d 996, 998 (5th Cir. 1984) (Rule 608(b) limits the use of evidence "designed to show that the witness has done things, unrelated to the suit being tried, that make him more or less believable per se").  By limiting the application of the Rule to proof of a witness's character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403.  <u>See,</u> <u>e.g.</u>, <u>United States v. Winchenbach</u>, 197 F.3d 548 (1st Cir. 1999) (admissibility of prior inconsistent statement offered for impeachment governed by Rules 402 and 403, not Rule 608(b)); <u>United States v. Tarantino</u>, 846 F.2d 1384 (D.C. Cir. 1988) (admissibility of extrinsic evidence offered to contradict witness governed by Rules 402 and 403); <u>United States v. Lindemann</u>, 85 F.3d 1232 (7th Cir. 1996) (admissibility of extrinsic evidence of bias governed by Rules 402 and 403).

Defendant's credibility is highly relevant to her liability for actual and punitive damages. Given the highly relevant nature of the evidence about the Board's finding, it is not "unduly" prejudicial, so that it should be excluded under Rule 403.  While defendant offers an innocent explanation for the Board's citation, she can explain all of those matters at trial.

For these reasons and those stated in <u>Plaintiff's Suggestions In Opposition To Grover's</u> <u>Motions In Limine</u> (Doc. #593), filed February 2, 2021, defendant's arguments are without merit and her motion is **OVERRULED**.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge