IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BRIDGET GROVER, PA-C; DR. GREGORY FAIMON; and DR. BALA BHASKAR REDDY BHIMAVARAPU, | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION

No. 18-2158-KHV

## ORDER

This matter is before the Court on <u>Defendants' Motions In Limine</u> (Doc. #578) filed January 28, 2021. Defendants request an order from the Court prohibiting witnesses, parties or counsel from producing evidence or making references before the jury concerning certain subjects. Having considered the record, the Court makes the following findings:

A. Plaintiff does not oppose defendants' motions on multiple subjects and for that reason, the Court sustains the motion as to the following subjects:

1. Injuries/damages to any person other than D.M.;

2. Testimony that Via Christi nurses did not know how to use equipment post-stroke;

3. An unnamed Wesley nurse's apologetic statement to Kelli Morgan;

4. An unnamed Hutchinson Clinic doctor's or other individual's statement to Madonna Androes that he/she felt D.M.'s care had been mismanaged;

5. References to insurance or any alleged liability crisis;

6. Lay person medical opinions;

7. Golden Rule arguments;

8. Statements suggesting the jury can do anything it wants;

9. Retained medical experts testifying about their personal practices;

10. Opinions of treating physicians which have not been disclosed;

11. Opinions of plaintiff's retained experts not limited to the contentions listed in the PTCO and/or beyond the substance of those opinions reasonably disclosed; and

12. Statements suggesting this suit will have no effect on the providers' licenses.

B. <u>Remaining Issues</u>.

Three remaining issues must be addressed: (1) evidence related to the Morgans' foster children; (2) evidence suggesting that defendants' duty of care is to avoid "needlessly endangering a patient," "to err on the safer side," "to do what is safest," or that "another course would have been safer;" and (3) evidence designed to invoke community self-interests.

1. <u>Evidence related to the Morgans' foster children</u>. To support his claim for non-economic damages, plaintiff proposes to testify about mental anguish which he sustained on account of defendants' negligence, including loss of his relationship with foster siblings when his parents were forced to give them up. Defendant argues that (a) linking the departure of the foster children to D.M.'s condition is speculative because a court could remove the foster children from the Morgans for any number of valid reasons; (b) testimony about the impact of their removal on D.M. could bleed into discussion about impact on the family as a whole; and (c)

such evidence would encourage a jury verdict based on sympathy. These arguments are not persuasive. All of these matters go to weight rather than admissibility on the issue of D.M.'s mental anguish, and can also be addressed with appropriate jury instructions.

2. <u>Evidence suggesting that defendants' duty of care is to avoid "needlessly endangering a patient," "to err on the safer side," "to do what is safest," or that "another course would have been safer."</u> The Court will instruct the jury on the substantive law that it will apply, and will not allow witnesses to contradict or opine about the law. The Court has never run into the so-called "reptilian" theory of liability, perhaps because plaintiff's lawyers in federal court are generally more professional and experienced than defendants give them credit for. In any event, the Court is not a language policewoman, so if plaintiff's counsel cross the line, defendants will have to make contemporaneous objections and counsel can re-phrase their questions. Defendants' motion on this point is overruled.

3. <u>Evidence designed to invoke community self-interests</u>. Same ruling as with regard to "reptilian" theories, for the same reasons.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motions In Limine</u> (Doc. #578) filed January 28, 2021 should be and hereby are **SUSTAINED** as to paragraph A of this order and **OVERRULED** as to paragraph B of this order.

Dated this 8th day of February, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge