## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor, by and through his next ) <br> friend and natural guardian, ) <br> KELLI MORGAN, ) <br> ) <br>                                     Plaintiff, ) <br> v. ) <br> ) <br> BRIDGET GROVER, PA-C; ) <br> DR. GREGORY FAIMON; and ) <br> DR. BALA BHASKAR REDDY ) <br> BHIMAVARAPU, ) <br> ) <br>                                  Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 18-2158-KHV |

## ORDER

This matter comes before the Court on Defendant Faimon's Motion In Limine To Exclude Evidence Of Any Breach Of Duty Outside Of The Physician Assistant Licensure Act And Its Rules And Regulations (Doc. #579) filed January 28, 2021.  Defendant seeks an order preventing plaintiff from introducing evidence that he breached any duty outside the duties defined in K.S.A. § 28a08(d)(1) and K.A.R. 100-28a-10.  Defendant's argument is based on two fallacies: (1) that plaintiff only seeks to hold him vicariously liable for the negligence of Bridget Grover; and (2) that the Court has ruled that K.S.A. § 28a08(d)(1) and K.A.R 100-28a-10 limit the universe of his duties to plaintiff.

In addition to failure to supervise Grover, plaintiff seeks to hold defendant liable for direct acts and omissions as a treatment provider to D.M.  See Pretrial Order (Doc. #435) filed May 4, 2020 at 9, 24–26.  Plaintiff's claims are not exclusively framed as theories that defendant breached his statutory responsibilities as Grover's supervising physician.

The Court has indeed ruled that as a supervising physician, defendant had a statutory duty under K.S.A. § 28a08(d)(1), see <u>Memorandum And Order</u> (Doc. #511) filed September 22, 2020, but it has never held that defendant owed no other duties, as a matter of common law negligence, with regard to his supervision of Grover or his treatment of D.M.  In fact, insofar as defendant claims that he was not a treating physician who owed independent duties to D.M., the Court emphasized that the existence of a physician–patient relationship is a question of fact for the jury.

Defendant argues that Kansas law absolves him "not just from vicarious liability but from any responsibility, including independent liability," where the damages in question do not relate *solely* to his own breach of statutory duty or negligent treatment or supervision.  That, however, is not the law.  Defendant has filed several failed motions on this issue—one for summary judgment and one more recently, an oddly timed (as in "out of time") motion for judgment on the pleadings.  Defendant's liability cannot be determined without a jury verdict on whether he breached any duty of care and if so, whether his breach was the proximate cause of injury and damages to plaintiff, alone or in combination with other factors (such as the fault of other parties).  In seeking to exclude all of the relevant evidence on those issues, defendant has a misplaced conception of what motions in limine are intended to do.

For these reasons, and those stated in <u>Plaintiff's Suggestions In Opposition To Dr. Faimon's Motion In Limine</u> (Doc. #597) filed February 2, 2021, defendant's motion is **OVERRULED.**

**IT IS SO ORDERED.**

Dated this 8th day of February, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge