IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) ) No. 18-2158-KHV |
| BRIDGET GROVER, PA-C; DR. GREGORY FAIMON; and DR. BALA BHASKAR REDDY BHIMAVARAPU, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter comes before the Court on the Joint Motion For Approval Of Settlements And For Dismissal With Prejudice of Jennifer-Chambers-Daney, APRN, CEP America-KS LLC, Jamie Borick, M.D., Connor Hartpence, M.D., and Stefanie White, M.D. (Doc. #631) filed February 8, 2021. The parties are well aware of the Court's views about confidential settlement agreements in this case. See Order To Show Cause (Doc. #469) entered June 18, 2020. Consequently the Court attaches no weight to the claim that the parties bargained for a confidentiality agreement and that a settlement agreement would not have been reached without it.[1] To otherwise justify sealing the terms of the settlement agree, the parties argue that (1) D. M. has privacy interests; (2) this case

---

[1] Even aside from fact that the parties were on notice that the Court would not approve a confidentiality agreement, this claim is facially baffling. From Plaintiff's Brief In Support Of Joint Motion For Approval Of Settlement (Doc. #634) filed February 8, 2021, it appears that Chambers-Daney and Borick have agreed to a settlement in the amount of $1,500,000 in return for a dismissal of the five defendants identified in the motion. Plaintiff's brief provides a detailed analysis of plaintiff's ultimate net recovery after reductions for attorney's fees, expenses and medical liens. With these matters now a matter of public record, it is not clear what incremental value would be served if the settlement agreement itself remained confidential.

gained past media attention in the Wichita area; (3) the public might make "certain unfair judgments" based on the amount of the settlement; (4) the parties' freedom to contract carries more weight than the public's right to transparency in judicial proceedings; and (5) other federal judges have approved confidential settlement agreements.

The Court's views apparently bear repeating:

Federal courts have long recognized a common-law right of access to judicial records. United States v. Bacon, 950 F.3d 1286, 1292 (10th Cir. 2020). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). Although this right is not absolute, "there is a strong presumption in favor of public access." Bacon, 950 F.3d at 1293 (citations omitted). The party seeking to overcome this presumption must therefore show that countervailing interests "heavily outweigh" the public interests in access to judicial records. Id. (citations omitted). That is, the party must articulate real and substantial interests that justify depriving the public of access to records which inform the Court's decision-making process. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"); Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017); Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).

In this case, the parties have not articulated reasons for confidentiality that "heavily outweigh" the public interest in access to judicial records. The Court has already held that D. M. does not have a legally protected privacy interest in keeping settlement amounts confidential. The fact that this case has gained media attention in the Wichita area reflects public interest that counsels in favor of full disclosure, not secrecy. Without even seeing the settlement agreement which the parties have negotiated, the Court is certain that it contains no admission of liability by

-3-

any defendant, and it is not clear what "judgments" the public might make or—given the issues in this case—why they would be "unfair."  The parties cite no authority for the novel argument that the parties' freedom to contract trumps the public's right to know.  Finally, this Court does not monitor whether or under what circumstances other federal district judges in Kansas have approved confidential settlement agreements for minors in medical malpractice cases; its job is to interpret and apply controlling authority from the Supreme Court of the United States and the Tenth Circuit Court of Appeals.  Having done so, the Court finds that the parties have not articulated factors which together or in combination justify anything less than public disclosure of the settlement agreements, in full.

It is unfortunate—and defies belief—that the parties would have conditioned their settlement agreement on confidentiality, given the Court's expressed views and practice in this very case.  That being the case, however, the Court questions the need to proceed with the settlement approval hearings now set for February 10, 2021 at 10:00 a.m.  Accordingly, no later than noon tomorrow, Tuesday, February 9, 2021, counsel shall file unredacted copies of all settlement agreements for which they seek Court approval.  Failing that, the Court will expect them to immediately contact the Special Master for technological assistance and participation in the trial on February 16, 2021.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge