**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **D.M., a minor, by and through his next friend and natural guardian, KELLI MORGAN,** ) ) ) ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| **v.** ) ) | **No. 18-2158-KHV** |
| **BRIDGET GROVER, PA-C; DR. GREGORY FAIMON; and DR. BALA BHASKAR REDDY BHIMAVARAPU,** ) ) ) ) ) | |
| **Defendants.** ) | |

_____)

## ORDER REGARDING MOTION TO AMEND PRETRIAL ORDER

This matter comes before the Court on plaintiff's Motion To Amend Pretrial Order To Prevent Manifest Injustice Regarding D.M.'s Future Economic Damages (Doc. #617) filed February 5, 2021. Specifically, plaintiff seeks to increase his claim for future economic damages for D.M.'s future medical care from $13,296,456 to $37,703,764. This would represent an increase of $24,407,308 (284%) two weeks before trial.

Trial is set for February 16, 2021. On February 2, Dr. Roger Huckfeldt updated his life care plan and expert report and plaintiff provided it to defendants. Based on the updated plan, plaintiff asked Dr. John Ward, his economist, to also prepare a new report to discount to present value the future cost of plaintiff's life care plan. Plaintiff provided Dr. Ward's new report to defendants on February 5.

In support of his motion, plaintiff argues that (1) his original life care plan, completed on April 23, 2018, is outdated; (2) on May 4, 2020[1] and January 26, 2021,[2] he told defendants that Dr. Huckfeldt would be updating his life care plan and defendants did not object; and (3) the pretrial order must be amended to prevent manifest injustice.  Plaintiff claims that defendants cannot be surprised because as noted, he reminded them on two occasions that he was going to supplement his life care plan closer to trial.  Even if they are surprised, plaintiff argues, "[t]here is no prejudice at all" because defendants can depose both Dr. Huckfeldt and Dr. Ward at certain times between February 9 and 12.

Not surprisingly, defendants take a very different view of plaintiff's effort to triple the amount of future-care damages on the eve of trial, and the Court concurs.

Plaintiff tries to frame the issue as a simple matter of pleading, and in doing so ignores Rules of Civil Procedure which effectively preclude his argument.  Rule 26(e)(1)(A) generally requires that a party who has made a witness or exhibit disclosure under Rule 26(a) must supplement or correct his disclosure in a timely manner if he learns that in some material respect

---

[1]    The <u>Pretrial Order</u> (Doc. #435) filed May 4, 2020, states as follows: "[P]laintiff continues to receive ongoing care so past medical and other expenses are subject to supplementation as well as supplementation of the [sic] Dr. Huckfeldt's life care plan." <u>Id.</u> at 48–49.

[2]    In <u>Plaintiff D.M.'s Final Witness And Exhibit Disclosures Pursuant To Rule 26(a)(3)(A)</u> (Doc. #566) filed January 26, 2021 (which the Court has stricken for unrelated reasons), plaintiff listed the following:

24. **Roger Huckfeldt, MD, 1848 S. Country Hill Lane, Springfield, MO 65809**. Dr. Huckfeldt will be called live to testify. He is a licensed medical doctor and expert witness on behalf of the Plaintiff. He is expected to testify consistent with his findings and opinions listed in his report and deposition testimony. Dr. Huckfeldt will seasonably supplement his report closer to trial, pursuant to his deposition testimony.

the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Here, the record does not suggest that plaintiff suffered an acute episode of deterioration between April 23, 2018 and February 2, 2021, when Dr. Huckfeldt updated his report.  Plaintiff does not identify how or when the parties learned that D.M. now requires thyroid medications, 24-hour care and a paraeducator—the changes which Dr. Huckfeldt wants to address.  At some point before Dr. Huckfeldt spoke to plaintiff's mother on January 29, the Morgans and their attorneys had to know that plaintiff's condition had materially declined, and that their prior disclosures and discovery responses were incomplete or incorrect.  Plaintiff does not claim that corrective information was otherwise made known to defendants during the discovery process or in writing.  In other words, it appears that plaintiff and his parents failed to timely supplement their witness disclosures to reflect a marked and material decline in plaintiff's condition.

In addition to supplementation by parties, Rule 26(e)(1)(B) addresses the duties of an expert whose report must be disclosed under Rule 26(a)(2)(B).  For such experts, the duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due, i.e. in this case, January 26, 2021.  As noted, plaintiff disclosed Dr. Huckfeldt's new report on February 2 and Dr. Ward's supplemental report on February 5.  In other words, out of time.

Rule 37(c) clearly outlines the consequences of failure to timely supplement.  Under Rule 37(c)(1), "[i]f a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Whether a Rule 26(a) violation is justified or harmless is

entrusted to the broad discretion of the court.  <u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.</u>, 170 F.3d 985, 993 (10th Cir. 1999).  Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.  <u>Nguyen v. IBP, Inc.</u>, 162 F.R.D. 675, 680 (D. Kan. 1995).  The proponent's position must have a reasonable basis in law and fact.  <u>Id.</u>  Failure to comply with the mandate of the Rule is harmless when no prejudice will accrue to the party entitled to disclosure.  <u>Id.</u>  The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure.  <u>Id.</u>

Mindful of these standards, the Court addresses the two salient factors: substantial justification and harmlessness.

### A.      Substantial Justification

On this record, the Court cannot find that plaintiff was substantially justified in failing to disclose the fact that between April 23, 2018 and February 2, 2021, his medical condition, prognosis and future life care needs had so dramatically changed that his life care plan required an injection of more than $24 million new dollars.

Plaintiff's only effort to show justification is that on two occasions, he told defendants that he planned to update his life plan and defendants did not object.  Plaintiff's most recent disclosure was January 26, a mere 21 days in advance of trial, when he told defendants that Dr. Huckfeldt would "seasonably" supplement his report at some unspecified time "closer to trial."  From all that appears in the record, plaintiff did nothing else to supplement his life care plan between April 23, 2018 and January 26, 2021.  The Court attaches little significance to defendants' failure to object— especially since plaintiff had apparently failed to update them on how much his condition and prognosis had deteriorated.  Presumably, if defendants had suspected a $24 million uptick in

plaintiff's damage claim, they would have taken a different tack.  But it was not their duty to anticipate and preserve objections to a breach of plaintiff's duty to supplement.

Plaintiff's effort to excuse his failure to supplement by pointing to glancing references to the life care plan in the pretrial order and the witness list is not only insufficient, it is immaterial. Dr. Huckfeldt's life care plan is one input in the economic loss report of Dr. Ward, so did plaintiff do anything to timely supplement Dr. Ward's report or purport to reserve a right to do so?  Not as far as the Court can see.  The pretrial order does not disclose any need to update Dr. Ward's report, and neither does plaintiff's witness and exhibit list.

In his reply brief, plaintiff posits new justifications for his failure to timely supplement, as follows:

> As to the timing of Dr. Huckfeldt's updated report, there are two reasons for its proximity to trial.  First, COVID rendered trial a moving target until January. Second, for catastrophic injuries it is standard practice in the life care planning field to update the care plan closer to trial.

It is incorrect to say that "COVID made the trial date a moving target."  On July 24, 2018, the Court set trial for January 11, 2021.  There it stayed until October 28, 2020, when for docket management purposes, the Court delayed the trial by one week, to January 19, 2021.  On December 8, 2020, because in-person proceedings could not be conducted in person "without seriously jeopardizing public health and safety," Chief Judge Julie A. Robinson continued all in-person civil hearings, bench trials and jury trials that were set to commence through February 15, 2021. Administrative Order 2020-13 (December 8, 2020).  In response to this order, on December 30, 2020, the Court continued trial to February 16, 2021—where it remains set.  This case at no time after July 24, 2018 lacked a trial date.  At most, for three weeks from December 8 to 30, it appeared that trial could not proceed on the assigned date.  The case is going to trial within 30 days of when

it was set in 2018, and nothing about the trial schedule or COVID pandemic prevented plaintiff from seasonably updating his witness disclosures and expert reports.

Plaintiff states that on December 30, the trial setting for February 16 "prompted" him to provide recent medical records to Dr. Huckfeldt. The record does not disclose when plaintiff provided those records, but whenever he provided them, he was already in default. On December 30, trial was set for January 19, 2021. Plaintiff's final witness and exhibit lists and updated experts reports were due 21 days before trial, on December 29, 2020. The time to send recent medical records to Dr. Huckfeldt was weeks or months earlier.

Plaintiff submits an affidavit from Dr. Huckfeldt stating that "it is standard practice in the life care planning field to update the life care plan in close to proximity to trial." That may well be true, but it is standard practice in the federal judicial field to follow the Federal Rules of Civil Procedure and in particular, Rule 26(e) and Rule 37(c). The Court understands that experts work for the parties and here, Dr. Huckfeldt does not appear to be responsible for the untimeliness of plaintiff's supplementation. On the other hand, counsel cannot foist off their disclosure responsibilities by laying them off on "standard practice" of life care planners who actually work for them.

For all of these reasons, the Court finds that plaintiff's failure to timely supplement was not substantially justified.

### B.    Harmlessness Of Failure To Timely Supplement

It defies common sense to suggest that plaintiff's failure to timely supplement the expert reports of Dr. Huckfeldt and Dr. Ward, or the factual basis for the alleged need to supplement, is harmless. The "opportunity" to cease trial preparation and depose two important experts during a

three-day window in the week before a multiweek, technologically complex trial does not cure the untimeliness or render it harmless.

In conclusion, the issue is not, as plaintiff tries to frame it, whether to allow amendment of the pretrial order.  In a two-sentence argument tacked on the end of his brief, plaintiff asks the Court to amend the pretrial order to remove plaintiff's claims against the settling defendants.  Plaintiff does not explain the reason for such an amendment, unless he thinks it will deny defendants the chance to rely on his specifications of negligence by the settling defendants.  Such an amendment would work manifest injustice and plaintiff's request is overruled.  Whether defendants can use plaintiff's allegations of fault against settled defendants to impeach plaintiff, his parents and his experts is another issue—which the Court does not address.  Plaintiff's motion to exclude prior allegations of fault is first raised in his reply brief and is not germane to the underlying motion.  Lawyers understand the significance of witness and exhibit disclosures and bear the responsibility to keep them up to date.  In practice, lawyers have a continuing burden to periodically recheck all disclosures and canvass all new information; supplementations must therefore be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.  Rule 37(c) provides a self-executing sanction for failure to make disclosures required by Rule 26(a) and regrettably, the Court must impose that sanction.  The length of the delay, standing alone, is of less concern than the facts that (a) the alleged deterioration in D.M.'s condition is neither recent nor caused by some acute event; and (b) the increase in the amount of requested damages is enormous and on the literal eve of trial.  Therefore the Court must apply Rule 37(c) to prevent plaintiff from introducing supplemental expert reports and testimony at trial.

This ruling, in itself, should not be read as holding that plaintiff cannot present evidence of his physical condition and prognosis as of the time of trial.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion To Amend Pretrial Order To Prevent Manifest Injustice Regarding D.M.'s Future Economic Damages</u> (Doc. #617) filed February 5, 2021 should be and hereby is **OVERRULED**.

Dated this 10th day of February, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge