**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| D.M., a minor by and through his next friend | ) | |
| and natural guardian, KELLI MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2158-KHV |
| | ) | |
| WESLEY MEDICAL CENTER, LLC d/b/a | ) | |
| WESLEY MEDICAL | ) | |
| CENTER-WOODLAWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REGARDING EXHIBITS**

This matter comes before the Court on Plaintiff D.M.'s Final Witness And Exhibit Disclosures Pursuant To Rule 26(a)(3)(A) (Doc. #618) filed February 6, 2021; Defendants' Objections To Plaintiff D.M.'s Final Witness And Exhibit Disclosures Pursuant To Rule 26(a)(3)(A) (Doc. #586) filed January 29, 2021;[1] Defendant Bala's Objection/Motion To Strike Partial Aspects Of Plaintiff's Final Witness Disclosure (Doc. #621) filed February 7, 2021; and Defendants' Final Witness And Exhibit Disclosures Pursuant To FRCP 26(a)(3)(A) (Doc. #563) filed January 26, 2021.

A.      **Plaintiff's Witness And Exhibit Lists**

Defendants lodge the following objections which remain unresolved:

_____

[1]      The Court struck plaintiff's original disclosures, Plaintiff D.M.'s Final Witness And Exhibit Disclosures Pursuant To Rule 26(a)(3)(A) (Doc. #566), after defendants had filed objections.   Defendants also filed objections to plaintiff's amended list.   The Court has considered all objections, as best it is able to construe them, in order to save time at trial.

1.      Objections to Witnesses:[2]

    a.    Plaintiff (#3)

    b.    Surrogates for John Ward, Ph.D. (#29)

    c.    Dr. Dimitrios Stephanopoulous and Thomas Dock Owings IV (#11 and #12)

    d.    Dr. Paul Grabb (#23)

2.      Objections to Exhibits:[3]

    a.    Plaintiff's Exhibit 1. ppp, and qqq [medical records]

    b.    Plaintiff's Exhibits 2. a-aa [medical bills]

    c.    Plaintiff's Exhibits 12. b and c [sic Exhibit 11 on amended list (#618)] [KBHA files regarding Grover and Faimon]

    e.    Plaintiff's Exhibit 14 [sic Exhibit 13 on amended list (#618)] [expenses and receipts from Morgans]

The Court expects that these objections will be resolved by good faith communications between counsel that will occur between now and the final pretrial conference at 10:30 a.m. on Friday, February 12, 2021.

---

[2]    Plaintiff originally listed as witnesses any treatment provider at Wesley Medical Center, Via Christi Hospital, Children's Mercy Hospital or Children's Hospital Colorado, and any provider revealed in any medical record (#30, #31 and #32).  See Plaintiff D.M.'s Final Witness And Exhibit Disclosures Pursuant To Rule 26(a)(3)(A) (Doc. #566) filed January 26, 2021.  Plaintiff's amended list does not include such a designation so defendants' objection to #30, #31 and #32 is moot.  The Court has separately denied plaintiff's request to supplement expert disclosures with respect to Dr. Huckfeldt and Dr. Ward, so Dr. Bala's objection to testimony on the updated opinions is also moot.

[3]    The Court has separately overruled defendants' objections to plaintiff's Exhibit 6 [sic Exhibit 5 on amended list (#618)] [Facebook posts] and plaintiff's Exhibit 12, d [sic Exhibit 11 on amended list (#618)]   [KBHA order re Grover].   Accordingly these objections are moot.

**B.     Defendants' Witness And Exhibit Lists**

Objections to defendants' witness and exhibit disclosures were due no later than 17 days before trial, i.e. on January 30, 2021.  Plaintiffs did not object to any of defendants' exhibits, and any objections are therefore waived.  See Second Order Setting Status Conference And Pretrial Filing Deadlines (Doc. #569) filed December 30, 2020.

**C.     Other**

On February 4, 2021, the Court informed counsel that it did not need hard copies of stipulated exhibits, but hard copies of all other exhibits must be delivered to the Courtroom Deputy, Andrea Schreyer, at 500 State Avenue, Kansas City, KS 66101 by 5:00 p.m. on Wednesday, February 10, 2021.  Furthermore, these exhibits must be bound in three-ring notebooks and appropriately tabbed by exhibit number.  See Order For Remote Civil Jury Trial (Doc. #610) filed February 4, 2021.  The Court received ten five-inch binders of exhibits from plaintiffs and 14 such binders from defendants, which tells the Court just one thing: the parties have not even tried in good faith to stipulate regarding the admissibility of exhibits.  Given the length and format of this trial, the only word which accurately describes the boxes of notebooks and thousands of pages of unstipulated exhibits is "obscene."

By the status conference tomorrow, the Court expects counsel to confer in good faith and do the right thing for their parties, the jury, the Court and themselves.  At the pretrial conference, the Court expects that counsel will have a plan in place to resolve this issue as to all exhibits no later than 5:00 p.m. on Sunday, February 15, 2021.  The Court is not going to subject the jury to hours (weeks?) of idle time while it resolves issues concerning the admissibility of 24 binders full of thousands of pages of exhibits.  If counsel have not resolved

this issue by 5:00 p.m. on February 15, 2021, the Court will select two of plaintiff's lawyers and two of defendants' lawyers and have them meet and confer under the personal supervision of one or more federal magistrate judges, starting when the trial starts and continuing for as long as necessary to resolve evidentiary issues by agreement while the Court and other counsel are engaged in trial.

Given the highly limited scope and number of the objections which have been lodged, how can the parties reasonably refuse to stipulate to 99.9 per cent of the exhibits?   In answering that question, counsel shall consult Rule 11(b), Fed. R. Civ. P., and understand that the Court will not hesitate to sanction objections which are presented for improper purposes or are factually or legally unwarranted.

**IT IS SO ORDERED.**

Dated this 11th day of February 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

.

-4-