SETTLEMENT, RELEASE, AND CONFIDENTIALITY AGREEMENT

This Release, Settlement, and Confidentiality Agreement ("Agreement") is entered into by the undersigned and is effective as of the 16th day of February 2021.

1. **Definitions**

"Plaintiff" shall mean: D.M., a minor (hereinafter "D.M."), by and through his next friend and natural guardian, Kelli Morgan.

"Defendant" shall mean: Bridget Grover, PA-C.

"Action" shall mean: The litigation filed by D.M., a minor, by and through his next friend and natural guardian, Kelli Morgan, Plaintiff v. Bridget Grover, PA-C, and others in the United States District Court for the District of Kansas Case No. 2:18-CV-02158 on or about April 9, 2018.

"Incident" shall mean: Any and all medical care or treatment provided by Defendant to D.M. in March 2017.

"Parties Released" shall include: Defendant, Kansas Medical Mutual Insurance Company ("KAMMCO"), and Kansas Health Care Stabilization Fund and its Board of Governors ("Fund") for the settling Defendant mentioned herein only, together with any of their subsidiaries, affiliated and related entities, predecessors, assigns, officers, directors, shareholders, agents, employees, insurers, legal representatives, and any and all other persons or entities for whose conduct they may be liable or for whom they may be contractually obligated to provide professional liability or other insurance coverage. This term does not include any co-defendant in the action for which KAMMCO and/or the Fund has any coverage.

"Released Claims" shall mean: All claims, causes of action, or interests described in Section 2 of this Agreement and as defined as "Incident" or "Action" above.

2. **Released Claims**

For the consideration listed in Section 3 below, Plaintiff and Kelli and Kevin Morgan, as next friends and natural guardians of D.M., individually and on behalf of D.M., forever release the Parties Released from all claims and causes of action, which were or may ever be asserted by or on behalf of D.M., and/or D.M.'s parents Kelli and Kevin Morgan, and/or all guardians, executors, administrators, successors, assigns, or others, whether such claims or causes of action are presently known or unknown, asserted or unasserted, present or future, direct or indirect, which in any way arise out of the Incident and Action, or which in any way involve the diagnosis, care and treatment, or the failure to diagnose or treat D.M. at any time to the present, including, but not limited to, any private or other cause of action that arises under contract, common law, Title XVIII or XIX of the Social Security Act (Pub. L.74-271), or any other federal or state law, as currently in effect or hereinafter amended.

This Release is intended to cover any and all prior, current or future injuries, damages or losses, whether known or unknown to the parties to this Agreement, but which may later develop, or be discovered in connection with the Incident or Action including, but not limited to, wrongful death claims or loss of consortium claims, and shall be binding on all actual or any possible heirs, executors,

administrators, and assigns.

The undersigned acknowledge that the above-referenced consideration is being accepted as full compensation for any and all injuries, damages and losses (past, present and future, known or unknown, asserted or unasserted, direct or indirect), which were or ever could be claimed in connection with the Incident and Action.

The undersigned waive any claim that this Agreement was not fairly and knowingly made, and acknowledge the potential uncertainty concerning the full extent of D.M.'s damages, claims or causes of action. The undersigned warrant that no promise or inducement has been offered except as herein set forth and that this release is executed without reliance upon any statement or representation by the Parties Released or their representatives concerning the nature and extent of injuries, and/or damages, claims by third parties against amounts paid under this Agreement, and/or future medical or non-medical costs or needs, if any, and/or legal liability therefore.

The undersigned specifically waive any private cause of action arising under 42 USC §l395y(b)(3)(A).

3. **Payments**

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

In consideration of the release set forth above and subject to a judicial determination that the settlement reached is valid, just, and equitable, KAMMCO and the Fund, on behalf of Defendant Grover, hereby agree to pay $900,000.00 payable in the manner described below. Settlement monies will be paid pursuant to this agreement and K.S.A. 40-3403 and K.S.A. 40-3407.

Within thirty (30) days after KAMMCO and the Fund receive a file-stamped copy of the Order approving the settlement and dismissing the above-named Defendant with prejudice and an executed copy of the Agreement in this matter, and any other required documents,

KAMMCO will issue payment in the amount of $200,000.00 as follows:

1) $120,000.00 made payable to Kelli Morgan and Kevin Morgan, Trustees, D.M. Special Needs Trust; and
2) $80,000.00 made payable to Dugan & Giroux Law, Inc. and

Fund will issue payment in the amount of $300,000.00 as follows:

1) $180,000.00 made payable to Kelli Morgan and Kevin Morgan, Trustees, D.M. Special Needs Trust; and
2) $120,000.00 made payable to Dugan & Giroux Law, Inc.

One year after its first payment, the Fund will pay $300,000.00 as follows:

2

1 ) $180,000.00 made payable to Kelli Morgan and Kevin Morgan, Trustees, D.M. Special Needs Trust; and
2 ) $120,000.00 made payable to Dugan & Giroux Law, Inc.

Two years after its first payment, the Fund will pay $100,000.00 as follows:
1) $60,000.00 made payable to Kelli Morgan and Kevin Morgan, Trustees, D.M. Special Needs Trust; and
2) $40,000.00 made payable to Dugan & Giroux Law, Inc.

Plaintiff specifically represents that all liens are resolved and the resolution of the liens has been approved by the Court as part of Plaintiff's settlement agreements with other defendants.

To the extent that the Payment is paid within the time frame specified above, the Plaintiff and Kelli and Kevin Morgan as part of the consideration for the sums payable under this Agreement, waive and forever release any claim or right against any of the Parties Released for the accrual or payment of interest on any portion of the Payment, including but not limited to any such claim or interest created by statute. To the extent that any law or regulation requires that interest shall be paid to Plaintiff or Kelli and Kevin Morgan by any of the Parties Released, Plaintiff and Kelli and Kevin Morgan as part of the consideration for the sums payable under this Agreement, agrees to indemnify and hold harmless the Parties Released from any such interest due to the extent that the Payment is paid within the time frame specified above. This provision does not apply to the Kansas Health Care Stabilization Fund, which is governed by K.S.A. 40-3401 et seq.

### 4.     Medicaid/Medicare Disclosure, Acknowledgement and Release

As a term of this Agreement, the parties have fully considered Medicare's potential interests pursuant to the Medicare Secondary Payer Rules. In so doing, the undersigned have declared that as of the date this Agreement was signed, D.M. was not Medicare eligible nor within thirty (30) months of becoming Medicare eligible (i.e., was not 65 years of age or older, was not suffering from end stage renal failure or amyotrophic lateral sclerosis, has not been receiving Social Security disability benefits for 24 months or longer, does not have a pending application for Social Security disability determination, and/or has not been denied Social Security disability benefits and appealed the denial). This affirmation is a material term of this Agreement and without which Defendant would not have agreed to enter this Agreement.

Based on these representations made by the undersigned, the parties have determined that Medicare has no interest in any payments made under this Agreement and no reporting is required to Medicare. However, if Medicare (including any agency representing Medicare's interests) later determines that it does have an interest in the payments made to Kelli Morgan and Kevin Morgan, Trustees, D.M. Special Needs Trust pursuant to this Agreement, the undersigned agrees to indemnify, defend, and hold Parties Released harmless from any actions by Medicare seeking payment of past, current or future medical expenses for D.M.

Further, Kelli Morgan and Kevin Morgan, individually, and as the natural parents and guardians of DM, agree they shall be solely liable for any and all actions, causes of action, penalties, claims, costs, services, compensation or the like resulting from any inaccuracy. Kelli and Kevin Morgan acknowledge Medicare may require them to exhaust the entire settlement proceeds on Medicare covered expenses should D.M. become Medicare eligible within thirty (30) months. As such, Kelli

and Kevin Morgan have declared that as of the date they sign this agreement, D.M. has not received any Social Security Disability benefits. Kelli and Kevin Morgan further agree that D.M. will not apply for any Social Security disability programs within the next 30 months. Kelli and Kevin Morgan, individually and on behalf of DM, as his natural parents and guardians, shall also hold Parties Released harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare or Medicaid benefits to the extent D.M. would have been entitled to those benefits absent this settlement.

The Plaintiff and the undersigned agree to waive any and all future actions against Parties Released that pertain to Medicare including, but not limited to any private cause of action for damages pursuant to 42 U.S.C. section 1395y(b)(3)(A) et seq.

DM's parents, Kelli and Kevin Morgan, represent and warrant that D.M. is a Medicaid beneficiary. As a beneficiary, Plaintiff acknowledges that Kelli and Kevin Morgan, with the advice of Plaintiff's counsel, have considered Medicaid's interests in accordance with applicable law and understand they are responsible for identifying any existing Medicaid claims or conditional payments relating to the injury that is the subject of this settlement and for advising Parties Released of the amount of any such liens or conditional payments. Plaintiff D.M., by and through this parents, and Kelli and Kevin Morgan, individually, expressly acknowledge that they have an independent legal obligation to satisfy any Medicaid lien, claim or interest.

### 5. **Indemnification and Hold Harmless**

The undersigned expressly acknowledge they, as the natural parents and guardians of DM, have an independent legal obligation to satisfy any valid lien, claim, or interest that any third party may have in proceeds of this settlement, which the undersigned herein agree is the sole and separate obligation of the undersigned. Undersigned agrees: (1) to assume all responsibility to timely satisfy any lien, claim, or interest that any third party may have in proceeds of this settlement; and (2) that they will forthwith satisfy any such lien, claim, or interest without further action from the Parties Released.

In the defense of an action to enforce a lien the undersigned covenants to defend, indemnify and hold harmless the Parties Released, including all costs and attorney's fees incurred in the defense of such claims.

In furtherance of Plaintiff's independent legal obligation to satisfy any valid lien, the undersigned and their counsel represent they have paid all liens. This affirmation is a material term of this Agreement without which Defendant would not have agreed to enter this Agreement. Based on these representations made by Plaintiff, the undersigned, and Plaintiff's counsel, the parties have determined that no other party has any interest in any payments made under this Agreement. However, if the parties hereto later determine some person or entity does have an interest in the payment made to Plaintiff then, pursuant to this Agreement, Plaintiff and the undersigned agree to indemnify, defend, and hold Parties Released harmless from any actions seeking payment for such claim or interest.

### 6. **Warranty of Capacity to Execute Agreement**

Kelli and Kevin Morgan warrant that no other person or entity has or has had any interest in the claims or causes of action referred to in this Agreement and that Kelli and Kevin Morgan, as the

natural parents and guardians of DM, have the sole right and exclusive authority to execute this Agreement and receive the sum specified in it on behalf of DM. Kelli and Kevin Morgan shall defend and indemnify the Parties Released should any other person claim to have an interest in the claims and injuries described in this Agreement.

### 7. Confidentiality

Plaintiff and Kelli and Kevin Morgan, individually and as the natural parents and guardians of D.M. agree that as part of the consideration for the sums payable under Sections 3 of this Agreement, the terms of this settlement and all negotiations concerning this settlement shall be and will remain absolutely confidential and shall not be disclosed by Plaintiff or Kelli and Kevin Morgan, by D.M.'s family, by Plaintiff's attorneys or any members or employees of the attorneys' firms, to any person, firm, corporation, entity, media or the internet. The Plaintiff and Kelli and Kevin Morgan acknowledge and agree that this provision for confidentiality is a material term of the settlement agreement. If asked how the case was concluded, Plaintiff's family, Plaintiff's attorneys, or any members or employees of the attorneys' firms shall respond by saying that "the matter has been resolved." Plaintiff and the undersigned agree that the names or identities of the Parties Released and the sums payable shall not be disclosed unless required by law. This Agreement does not apply to preclude the Parties Released from making any disclosure required by law or as part of any application for accreditation, participation in health insurance plans, or professional liability insurance, nor does it preclude KAMMCO or the Fund from making disclosure as required by law.

In the event the United States District Court for the District of Kansas or any other individual or entity outside of the Plaintiff's family, Plaintiff's attorneys or any members or employees of the attorneys' firms or the Parties Released, makes information about this settlement, or the amounts paid by the Parties Released, public or responds to appropriate legal inquiries by disclosing amounts paid, the above obligations for Plaintiff's family, Plaintiff's attorneys and any members or employees of the attorneys' firms to continue to abide by such confidentiality requirements set forth within this provision remain intact and do not grant any of the parties herein or their representatives or agents herein the right to speak or write to the media or speak or write publicly about this settlement Agreement, to post online about the settlement Agreement or the court's order approving the Agreement and/or settlement nor to orally or in writing state any information which could be considered disparaging of any of the parties to this agreement (excluding court testimony under oath required for continuation of the lawsuit against the remaining defendants).

### 8. Governing Law

This Agreement shall be construed and interpreted according to the laws of the State of Kansas.

### 9. Delivery of Dismissal with Prejudice

Concurrently with the execution of this Agreement, counsel for Plaintiff have delivered to counsel for the Defendant an executed Dismissal with Prejudice of the Action applicable to Bridget Grover, PA-C. and Plaintiff has authorized Plaintiff's attorneys to execute this Dismissal on Plaintiff's behalf and hereby authorizes counsel for Defendant to submit said Dismissal to the Court for approval and, in the form ultimately approved by the Court, to file and enter it as a matter of record.

Plaintiff represents that Plaintiff will receive court approval to enter into this Agreement and

for obtaining dismissal, with prejudice, of the above-described claim.

**10.** **Denial of Liability**

This Agreement expresses a compromise of disputed claims and constitutes a full and complete settlement of the Released Claims. Liability and responsibility for the Released Claims is expressly denied by the Parties Released. Regardless of the adequacy of the above consideration, the acceptance or existence of this Agreement shall not operate as an admission of any wrongdoing or liability on the part of the Parties Released.

THIS AREA INTENTIONALLY LEFT BLANK.
THE AGREEMENT CONTINUES ON PAGE 7
WITH PARAGRAPH 11: COSTS.

11. **Costs**

The parties agree to bear their own fees, costs, and expenses.

12. **Entire Agreement**

This Agreement contains the entire agreement by D.M. and the undersigned related to the ReleasedClaims and there are no other understandings, either written or oral, which affect the terms hereof. This Agreement shall be binding on any actual and any possible heirs, executors, administrators, and assigns of D.M. and the undersigned. This Agreement may not be modified unless mutually agreed upon in writing between the Parties Released and the undersigned.

KELLI AND KEVIN MORGAN HAVE COMPLETELY READ THIS AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE INCIDENTS, INJURIES, OR DAMAGES ABOVE MENTIONED.

KELLI AND KEVIN MORGAN RECOGNIZE THAT THE FUTURE COURSE OF PRESENT INJURY OR OTHER DAMAGES CANNOT BE PREDICTED WITH CERTAINTY. KELLI AND KEVIN AND MORGAN, INDIVIDUALLY AND AS THE NATURAL PARENTS OF DM, ASSUME THE RISK THAT THE CLAIMED INJURIES OR DAMAGES MAY WORSEN IN THE FUTURE AND THAT NEW INJURIES OR DAMAGES MAY DEVELOP. KELLI AND KEVIN MORGAN ACKNOWLEDGE THAT INFORMATION REGARDING THE CLAIMS MADE IS SUFFICIENT TO ENTER INTO THIS AGREEMENT AND EXPRESSLY WAIVE ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

KELLI. AND KEVIN MORGAN RECOGNIZE AND UNDERSTAND THAT BECAUSE OF THIS SETTLEMENT, MEDICARE OR OTHER HEALTHCARE INSURERS OR PAYERS MAY REFUSE TO PAY FOR FUTURE MEDICAL CARE FOR THE CLAIMED INJURIES TO DM, AND THAT ANY SUCH REFUSAL IN NO WAY AFFECTS OR MODIFIES THE TERMS OF THIS AGREEMENT.

DATED THIS 15 day of FEBRUARY, 2021

_____
KELLI LINN MORGAN, individually, and as next friend
and natural guardian of D.M., a minor

STATE OF COLORADO )
                                        ) ss.
COUNTY OF BOULDER )

BE IT REMEMBERED, that on this 15 day of February, 2021, before me, the undersigned, a Notary Public in and for the county and state aforesaid, came KELLI LINN MORGAN, who is personally known to me to be the same person who signed the above document and said person duly

acknowledged the execution of the same and swore to the same in my presence.

[Notary stamp: JAMES F. LANDER JR., NOTARY PUBLIC, STATE OF COLORADO, NOTARY ID 20194042256, MY COMMISSION EXPIRES 11/07/2023]

_____
Notary Public

_____
KEVIN RALPH MORGAN, individually, and as the
natural father of D.M., a minor

    STATE OF COLORADO  )
                                       )   ss.
    COUNTY OF BOULDER  )

BE IT REMEMBERED, that on this 15th day of February, 2021, before me, the undersigned, a Notary Public in and for the county and state aforesaid, came KEVIN RALPH MORGAN, who is personally known to me to be the same person who signed the above document and said person duly acknowledged the execution of the same and swore to the same in my presence.

[Notary stamp: JAMES F. LANDER JR., NOTARY PUBLIC, STATE OF COLORADO, NOTARY ID 20194042256, MY COMMISSION EXPIRES 11/07/2023]

_____
Notary Public

8

The undersigned, attorneys for Plaintiff, in connection with the matters and things set forth in the foregoing Agreement, hereby:

1. Approve the form of this Agreement;

2. Guarantee that the signatures to this Agreement are the signatures of Kelli Morgan, individually, and as next friend and natural guardian of D.M. and Kevin Morgan, individually, and as the natural father of D.M. in this Action and the individuals named in this Agreement;

3. Agrees, as part of the consideration for the settlement and the inclusion of Plaintiff's attorneys as payee on the settlement draft, to pay out of the settlement proceeds or otherwise resolve all known, unknown, asserted, unasserted, present, future, direct or indirect Medicare or Medicaid interests, rights, claims, or liens and any and all other liens, interests, and subrogation claims in conjunction with the claimed injuries and damages such that the Parties Released shall have no liability for such claims; and

4. Agrees, as part of the consideration for the settlement of this Action and the inclusion of Plaintiff's attorney as payee on the settlement draft, to be bound by the terms of Paragraph 7 of this Agreement (relating to confidentiality) as though signing this Agreement as a releasing and indemnifying party.

Dated this 15th day of February 2021.

Attorneys for Plaintiff:

By: _____

DUGAN & GIROUX LAW, INC
Daniel B. Giroux, #19375
Dugan & Giroux Law, Inc
3636 N. Ridge Rd., Ste 100
Wichita, Kansas 67205
P: 316-721-5500
F. 316-722-7510
dan@dgwichitalaw.com

By: _____

KUCKELMAN TORLINE KIRKLAND
Stephen Torline, #18292
Michael J. Kuckelman, #14587
Benjamin T. Friesen, #26655
10740 Nall, Suite 250
Overland Park, Kansas 66211
P. 913-948-8615
F. 913-948-8611
storline@ktk-law.com
mkuckelman@ktk-law.com
bfriesen@ktk-law.com